## 28188. PASS v. CALDWELL.

JORDAN, Justice. Edward Deen Pass appeals a judgment in the Tattnall Superior Court denying his application for a writ of habeas corpus, and remanding him to the custody of the respondent. *Held:*

1. We affirm. Petitioner claims the trial judge erred in denying the writ on the grounds that appellant did not prove systematic exclusion of blacks from the jury rolls. We do not agree. It was held in United States v. Hyde, 448 F2d 815, 824 that the defendant always has the burden of showing jury discrimination. Evidence of "spectacular" underrepresentation meets the burden, making a prima facie case of discrimination. The burden of going forward then shifts to the government to explain the figures in a non-discriminatory way. The requirements for making out a prima facie case of jury discrimination are two fold. First, appellant must prove that an opportunity for discrimination on account of race existed on the grounds that the source from which the potential jurors was drawn was racially biased, and second, that the use of such an "infected source" produced a significant disparity between the percentages of blacks found present in the source and those actually appearing on appellant's grand and petit jury panels. Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599); Wright v. Smith, 474 F2d 349, 351 (5th Cir. 1973).

It appears from the evidence that 5.13% of the grand jury venire from which appellant's grand jury was drawn consisted of blacks. It also appears that the percentage of blacks in DeKalb County is 11%. This is not the percentage of those eligible to be selected, but the total percentage in the county. The number of

presumptively eligible jurors of the black race in DeKalb County is not known from the record in this proceeding. Under Wright v. Smith, supra, the showing required is a large disparity between those eligible and those chosen, and proof that there was purposeful discrimination in the selection process. We hold after careful study of the record before us that petitioner did not establish a prima facie case of jury discrimination, and that under *Johnson v. Caldwell,* 228 Ga. 776 (187 SE2d 844) the trial court should be affirmed as to this enumeration of error.

2. Petitioner also enumerates as error the denial of his writ of habeas corpus on the grounds that petitioner had not proved that a confession introduced against him at trial was obtained under circumstances which denied him certain constitutional rights which are explicitly provided by the Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments to the Constitution of the United States. We hold this contention to be without merit. All of the evidence brought before us in this appeal has been previously considered and ruled upon by this court in connection with appellant's enumeration of errors in his motion for new trial. See *Pass v. State,* 227 Ga. 730 (182 SE2d 779). There being no additional evidence offered at this time, the enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

Submitted August 10, 1973 — Decided October 4, 1973.

*Hill, Jones & Farrington, Bobby L. Hill,* for appellant.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General, Richard Bell, District Attorney,* for appellee.

