29844. STROZIER v. HOPPER.

HILL, Justice.

On petition for habeas corpus by Eddie James Strozier, the habeas court found validity in his contention concerning consecutive sentencing and remanded that matter to the sentencing court. Strozier appeals from the order of the habeas court which denied him the other relief he sought.

In 1971 Strozier was convicted of kidnapping, robbery and rape. He received twenty years each for kidnapping and robbery and a death sentence for rape.

His motion for a new trial was granted as to the sentencing trial only. At the second sentencing trial he received twenty years for rape, five years for robbery to run concurrently with the rape sentence, and fifteen years for kidnapping to follow the other two sentences. Again Strozier moved for a new trial. On denial of this motion he appealed and this court affirmed. *Strozier v. State,* 231 Ga. 140 (200 SE2d 762).

In 1974 he filed a petition for habeas corpus and during his testimony at the habeas corpus hearing he raised additional allegations. The court heard testimony by Strozier and the written deposition of counsel who represented him at the original trial. After hearing, the court below found that since the jury had not specified whether the fifteen-year sentence for kidnapping was to run consecutively or concurrently, it must run concurrently. However, the habeas corpus court found the remainder of petitioner's contentions to be without merit.

On this appeal Strozier enumerates the following as error: (1) erroneous admission at the second sentencing trial of the allegedly unverified transcript of testimony of the rape victim from the original trial; (2) erroneous admission at the second sentencing trial of his previous convictions; (3) ineffective assistance of appointed counsel rendered in the original trial, in the resentencing trial, and on appeal; and (4) lack of consideration by the habeas court of all the alleged errors cited.

1. Of the alleged errors which Strozier raises, those numbered 1 and 2, above, were reviewed and ruled upon by this court in the earlier appeal. *Strozier v. State,* supra. Once considered on appeal, the same issues will not be reviewed again on habeas corpus. *Elrod v. Ault,* 231 Ga. 750 (204 SE2d 176). "The appellate courts exist to review appeals. It is not the function of state habeas corpus courts to review issues already decided by an appellate court and it is not the function of this court to review, on denial of the writ of habeas corpus, issues previously decided on appeal." *Brown v. Ricketts,* 233 Ga. 809, 811 (213 SE2d 672).

Therefore we will not reconsider these previously decided enumerations of alleged error.

2. Strozier raises the issue of effective assistance of

counsel. At the original trial Strozier was represented by an attorney from the public defender's office. This attorney filed a motion for new trial on the general grounds, which motion was amended by the second attorney, who obtained for Strozier a new trial as to sentencing and who represented him at the second sentencing trial. Strozier was represented on appeal by a third attorney. At the habeas corpus hearing, he questioned the adequacy of all three of these attorneys. He claimed that the first attorney came to see him in jail only twice before the trial, that he wanted him to plead guilty in exchange for a life sentence, that he did not call alibi witnesses, and that he had been told repeatedly that Strozier did not want him to represent him. Strozier charged that the attorney representing him at the second sentencing trial only saw him once before the resentencing trial, that he also wanted Strozier to plead guilty, and that he too had been told that Strozier wanted another attorney. Strozier claimed that the attorney who represented him on the appeal to this court was inadequate because he refused to take his case to the federal courts.

The record from the original trial as well as the habeas corpus hearing give ample evidence that the trial counsel from the public defender's office rendered effective assistance. At the habeas hearing there was evidence that he, along with an investigator from his office, contacted Strozier immediately after his appointment by the court and that he found Strozier extremely uncooperative. Later after several pre-trial conferences with the district attorney and the assistant district attorney in which he learned of Strozier's prior convictions, including assault with intent to rape among other offenses, and of the strong case the prosecution had against Strozier, he recommended a plea of guilty with a life sentence rather than risk a verdict of guilty which he judged could result in a death sentence. Strozier refused to so plead and again refused to help in his defense. The trial record shows active representation by counsel; in fact, his objection to certain evidence later served as the basis for the new trial granted as to sentencing. The contention that counsel refused to call alibi witnesses is not

supported by the evidence. His first attorney testified on written deposition that Strozier at no time furnished him with names of alibi witnesses. In Strozier's unsworn statement at the original trial he admitted that he couldn't prove his alibi because he didn't have any witnesses.

Strozier complains that he told his first and second attorneys that he did not want them as his counsel and that they urged him to plead guilty. An indigent has the right to have counsel appointed and to reasonably effective assistance from such counsel. He does not, however, have the right to pick and choose his appointed counsel. *McClure v. Hopper,* 234 Ga. 45 (214 SE2d 503). The fact that Strozier did not approve the appointment of counsel made by the trial court does not demonstrate ineffective assistance of counsel.

Moreover, the mere fact that appointed counsel recommends entering a plea of guilty is not evidence of ineffective assistance of counsel. The most effective assistance counsel can give may be a well-founded recommendation to plead guilty in expectation of a lighter sentence.

Strozier's contention that his second attorney was ineffective in that he allowed four prior convictions to be admitted in the second sentencing trial, and that he should have insisted on live witnesses but agreed to the admission of the allegedly unverified transcript of testimony of the rape victim, are both without merit. The four prior convictions had been introduced at the first trial and, hence, the requirements of Code Ann. § 27-2534 had been met as to the second sentencing trial. Counsel's decision to agree to the use of the transcript of the victim's testimony, as opposed to having the rape victim testify in person at the second sentencing trial, was in the best interest of the defendant. (We do not decide whether his counsel could have successfully objected to the use of the transcript, because when a new trial is granted as to sentencing, the state may have a right to use the original trial transcript. Whether such right exists, we do not here decide.) Finally, as to this second attorney, there is no evidence to support Strozier's assertion that the transcript of testimony of the victim did not bear the court reporter's certificate.

Strozier contends that his last court appointed attorney was inadequate in refusing to appeal to the federal court after losing on his appeal to this court. It is not clear whether Strozier wanted his appellate counsel to seek certiorari to the United States Supreme Court or to file a petition for habeas corpus in district court. In either event, counsel appointed by the state to represent an indigent has discharged his and the state's duty when the right of review by means of appeal within the state system has been completed. In Ross v. Moffitt, 417 U. S. 600 (94 SC 2437, 41 LE2d 341), the court held that a state is not required to provide counsel to an indigent to seek certiorari to that court to review a decision by a state appellate court. In Ross, the court pointed out that the right to seek certiorari in that court is granted by federal, not state, statute, and that it would be quite as logical, perhaps more so, to require the federal government to furnish such counsel. Ross v. Moffitt, 417 U. S. at 617.

The Ross decision is equally applicable to federal habeas corpus relief, which also is granted by federal, not state, statute.

The court below did not err in denying Strozier's claims based upon alleged ineffective assistance of counsel.

3. Strozier contends that the habeas corpus court failed to consider all of the issues he raised. After reviewing the petition filed by Strozier and combing the transcript of the habeas hearing, the only issue we find not mentioned in the habeas court's order concerns the makeup of his jury. At the habeas hearing Strozier made references to there being no blacks on the jury at the original trial and that he had said something about this to the judge at the end of his trial. Whether or not such a casual mention during the habeas corpus hearing is sufficient to raise this issue does not have to be decided here. Even treating the issue as raised, it is without merit because there is no evidence of jury discrimination. Strozier offered no evidence at trial or to the court below to show that the selection procedures were not racially neutral. *Pass v. Caldwell,* 231 Ga. 192 (200 SE2d 720); *Mitchell v. Smith,* 229 Ga. 781 (6) (194 SE2d 414).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 21, 1975 — DECIDED JUNE 17, 1975.

Eddie James Strozier, *pro se.*

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.