### 59475. STATE OF GEORGIA v. BRITT CARIBE LTD.

BIRDSONG, Judge.

We granted an interlocutory appeal to the State of Georgia to determine whether it was error for the trial court to apply CPA § 55 (Code § 81A-155) to a proceeding in libel for condemnation pursuant to Code § 79A-828 (e), and to open the default of the appellee, despite the provisions of Code § 81A-181, which limit CPA applicability in special statutory proceedings.

Pursuant to the provisions of Code § 79A-828 (e), the state on June 27, 1979, filed a libel for condemnation against a sailing vessel, rubber boat, and two boat motors which had been seized by Glynn County law enforcement in connection with a marijuana transport case. The libel petition prayed that the court "order and direct a copy of the libel to be served upon the possible owner, if known, and if the owner is unknown, that the notice of the proceedings be published" in the local newspaper, as provided by Code section.

Once a week for four weeks, instead of the two weeks provided in Code § 79A-828 (e), a notice was published in the *Brunswick News,* pursuant to order of the superior court, which described the property seized, "present owner unknown," and described the libel for condemnation which "was filed in [Glynn Superior] court on the 27th day of June, 1979." The notice commanded an answer be filed with the clerk of court within thirty [30] days from the date of the filing of said libel. The published notice gave all other pertinent information pursuant to the court's order on June 27, 1979.

Thirty days passed from the date of filing, and no answer was made to the libel. On August 1, 1979, appellant Britt Caribe, Ltd. filed an answer alleging it owned the property and had not committed or had knowledge of any crime. At the same time, Britt Caribe also filed a notice of opening default, asserting that it had

qualified to open default by payment of court costs; and filed a motion to dismiss the libel on the grounds that the libel was defective because it set a future date for hearing and appearance on a day in excess of 30 days, and that the libel was issued in a manner contrary to the rules of judicial process. After a show cause hearing on August 10, the superior court issued an order reciting that the state had made an oral motion to dismiss Britt Caribe's answer because that answer was filed more than 30 days after the filing of the libel. The order acknowledged that Code § 79A-828 provides that the expiration of 30 days from filing, if no claimant has appeared, the court *shall* order the disposition of the seized property. But the trial court then ruled that "this situation is controlled by Code § 81A-155," which provides for the opening of default judgments as a matter of right; and since claimant's answer was filed 35 days after the filing of the libel, the state's motion to dismiss the answer was denied and the claimant was allowed to open any default which might have occurred. *Held:*

The trial court erred in applying CPA § 55 (a), Code § 81A-155 (a), to a libel condemnation proceeding. A libel condemnation proceeding is a special statutory proceeding governed by Code § 79A-828. At subsection (e) of that statute, it is provided: "At the expiration of 30 days after such filing, if no claimant has appeared to defend said libel, the court *shall* order the disposition of said [property]." The condemnation proceeding under Code § 79A-828 is *"designed* to be expeditious [and] a party may not [belatedly] tender an answer to the petition under general rules of civil practice." See *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821, 822 (189 SE2d 118). CPA § 81 (Code § 81A-181) provides that "This Title [CPA] shall apply to all special statutory proceedings *except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law."* The condemnation procedure under Code § 79A-828 (e) provides a specific procedure for the prompt disposition of property seized in connection with the illegal use, transport, or concealment of marijuana and other proscribed substances, unless it is claimed within thirty days of the filing of the libel. There appears to have been no legislative anticipation that a default by the property owner could be opened up as of right under Code § 81A-155 (a). The prompt disposition of criminal property, within the prescribed time, either by court disposition or by a claim being interposed, is the entire object of Code § 79A-828 (e), and the concept of default judgments is not applicable to the proceeding in any case, the more so since Code § 79A-828 (e) dictates that when the thirty days has passed, "the court *shall* order the disposition" of the property. The disposition of unclaimed property under Code §

79A-828 (e) within thirty days is not a default judgment, inasmuch as the property is unclaimed and the judgment, if it is one, is against the property and there is no party in default. Any other interpretation would nullify the clear intent and object of the statute, as there could never be a prompt disposition within 30 days so long as a claimant could open the dispute as of right by payment of court costs under Code § 81A-155 (a), or otherwise in the discretion of the trial court under Code § 81A-155. See also, *Department of Transp. v. Forrester,* 149 Ga. App. 647 (255 SE2d 115).

Appellee Britt Caribe contends that Code § 81A-155 is applicable to proceedings pursuant to Code § 79A-828 (e) because of the provision at Code § 81A-181, which continues from the portion quoted above to state: "In any event, the provisions of [the CPA] governing . . . relief from judgments and the effect of judgments; shall apply to all [special statutory] proceedings." It is clear that "relief from judgments" has a specially designated meaning according to Code § 81A-160, entitled "relief from judgments." The term refers to a post-judgment attack on a judgment, made in one of the methods prescribed by the statute, and not to the inconsistent concept of opening of a default judgment under Code § 81A-155.

The trial court erred in permitting Britt Caribe to open the "default" as a matter of right and in applying Code § 81A-155 to the proceedings under Code § 79A-828. The trial court, for the reason that Britt Caribe did not answer to the libel within thirty days of its filing, would not have been authorized to dismiss the libel as prayed for in Britt Caribe's motion to dismiss. An attack on the disposition for reason of a defect in judicial process, or other reason, must be made, if at all, in accordance with Code § 81A-160, providing "relief from judgments," or otherwise as may be permissible by law or equity.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED FEBRUARY 6, 1980 — DECIDED APRIL 8, 1980 — REHEARING DENIED APRIL 30, 1980 —

*E. Jerrell Ramsey, Assistant District Attorney,* for appellant.
*Edward E. Boshears,* for appellee.