35936. WOOTEN v. THE STATE.

BOWLES, Justice.

We granted certiorari in *Wooten v. State,* 152 Ga. App. 791 (264 SE2d 250) (1979) to decide whether it is the duty of appointed counsel in criminal cases to apply for writ of certiorari to the Court of Appeals after the conviction of his client has been affirmed in the Court of Appeals and Motion for Rehearing has been denied.

The United States Supreme Court considered this issue in Ross v. Moffitt, 417 U. S. 600 (1974). In that opinion they decided that neither the Due Process Clause

nor the Equal Protection Clause of the Fourteenth Amendment requires that counsel be provided for indigent defendants seeking discretionary appeals to the State Supreme Court or to the United States Supreme Court. "That a particular service might benefit an indigent defendant does not mean that the service is constitutionally required, the duty of the State not being to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant, as was done here, an adequate opportunity to present his claims fairly in the context of the State's appellate process." (at p.616.) This court adopted that view in *Strozier v. Hopper,* 234 Ga. 597 (216 SE2d 847) (1975) wherein we stated, ". . . counsel appointed by the state to represent an indigent has discharged his and the state's duty when the right of review by means of appeal within the state system has been completed."

Pretermitting the question of whether the superior court has the authority to appoint counsel to pursue such discretionary appeals, we find that, absent such an order, appointed counsel has no duty to apply for writ of certiorari to the Court of Appeals on behalf of his indigent client.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1980 — DECIDED APRIL 29, 1980.

*Archibald A. Farrar, Jr.,* for appellant.
*William M. Campbell, District Attorney,* for appellee.