63077, 63078. SACCHINELLI v. THE STATE (two cases).
63079. PARKER v. THE STATE.

SHULMAN, Presiding Judge.

On May 6, 1980, appellants were arrested at the Bartow County Airport after arriving there in a small airplane. Seized at the time of the arrests were the aircraft, twenty-nine $100 bills, and 995 pounds of marijuana. In Cases No. 63077 and No. 63079, appellants seek reversal of their subsequent convictions for possession of marijuana with intent to distribute. In Case No. 63078, Sacchinelli seeks reversal of the order of the trial court condemning the airplane and

the money pursuant to a libel filed under the provisions of Code Ann. § 79A-828.

1. Both appellants filed motions to dismiss and motions to suppress all the evidence seized on the night of their arrests. The basis of those motions was certain alleged illegalities in the course of the investigation which led law enforcement agents to the Bartow County Airport. The primary complaint concerning the conduct of the investigation involves the use of a sham subpoena to seize messages taken for Sacchinelli by a telephone message service with which Sacchinelli had contracted. In addition, both appellants argue that an affidavit submitted in support of a petition for an electronic surveillance (wiretap) warrant contained deliberately false statements.

Our review of the record reveals that appellants' objections to the investigatory methods of the Cobb County Police are apparently well founded. It appears that the Cobb County Police used subpoenas issued in false names and containing language which appears likely to intimidate witnesses into remaining silent about the receipt of such subpoenas. It further appears from the record that some of the statements in the affidavit submitted in support of the request for a wiretap warrant were false; whether they were deliberately false is not so clear. However, the misconduct of the Cobb County Police and the apparent involvement of the Cobb County District Attorney in that misconduct, though reprehensible, do not require a reversal of appellants' convictions. The reason for our decision is the same reason articulated by the trial judge: there is sufficient evidence to warrant a conclusion that the arrest of appellants and the seizure of the contraband stemmed from independent sources and was not tainted by the dubious methods of the Cobb County authorities. See Wong Sun v. U.S., 371 U.S. 471 (83 SC 407, 9 LE2d 441). Although there is evidence to support appellants' argument that their arrest stemmed directly from the information gained through an abuse of the subpoena power and by a wiretap based on allegedly false swearing, there is also sufficient evidence from which the trial judge could conclude, as the trial judge in this case did conclude, that there were separate and untainted sources of information which could and did lead the police to appellants. In a motion to suppress, the trial court is the finder of fact and its findings will not be disturbed unless clearly erroneous. *McDonald v. State,* 156 Ga. App. 143, 146 (1) (273 SE2d 881). We conclude, therefore, that since there was evidence from which the trial court could find that the arrest of appellants was not tainted by the alleged police misconduct, there was no error in the denial of appellants' motions to suppress the evidence seized at the Bartow County Airport. For the same reason, we find no error in the

trial court's refusal to dismiss the indictments for governmental misconduct.

2. Both appellants have enumerated as error the trial court's refusal to give a requested jury instruction on the lesser offense of possession of less than one ounce of marijuana. The request was based on evidence that a small quantity of marijuana seeds was found in the aircraft on which appellants arrived at the Bartow County Airport. Under all the circumstances of these cases, we conclude that the evidence did not require that the requested charge be given.

The evidence showed that the law enforcement agents involved in these cases gathered at the airport because they suspected that appellants might arrive with a quantity of contraband. After darkness fell, the airplane with appellants aboard landed. It taxied to the end of the runway and stopped. The law enforcement agents watching were unable to ascertain what was transpiring at the end of the runway. Then, the airplane taxied to the hangar area, whereupon appellants were arrested. An agent dispatched to the end of the runway reported that there had appeared there a pile of bales of marijuana, a pile that had not existed before nightfall. At trial the state introduced, as part of the circumstantial evidence that appellant had placed the bales of marijuana at the end of the runway, evidence that less than one ounce of marijuana seeds were swept from the floor of the aircraft. We cannot agree with appellants that that evidence authorized a jury charge on the lesser offense of possession of one ounce of marijuana. If the evidence of the smaller quantity was submitted as evidence of another crime, it was inadmissible. *Dunkum v. State,* 138 Ga. App. 321 (10) (226 SE2d 133). Here, however, the evidence was submitted solely for the purpose of linking appellants to the large pile of marijuana; it cannot be seen merely as evidence of a lesser crime. If one believes that the marijuana seeds came from the aircraft on which appellants arrived, the same aircraft which sat at the end of the runway where the 995 pounds of marijuana were found, then the conclusion that appellants placed the large pile of marijuana at the end of the runway is inescapable. There was no error in denying appellants' requested charge.

3. Appellants made a timely challenge to the composition of the grand jury list and the petit jury list in Bartow County. They enumerate as error the trial court's overruling of their challenge to the petit jury list. We find no such error.

Although appellants have shown that there is a numerical discrepancy between the percentage of the age-eligible population which is female and the percentage of the jury list which is female, they did not make out a prima facie case of unconstitutional underrepresentation of women on the jury list. See *Pass v. Caldwell,*

231 Ga. 192 (1) (200 SE2d 720). Here, as in *Cochran v. State,* 155 Ga. App. 418 (271 SE2d 864), appellants showed no more than the numerical disparity. There was no showing at all that the primary source of the jury list, the voter registration list, was gender biased. Indeed, the evidence adduced on the hearing of appellants' challenge demonstrated that the jury commissioners had made a good faith effort to meet the responsibility laid upon them by Code Ann. § 59-106: to "select a fairly representative cross section of the intelligent and upright citizens of the county . . ."

4. While the law enforcement agents were detaining appellants long enough to check the far end of the runway, one officer frisked appellant Parker. That officer testified that he felt a large, hard metallic object in Parker's pocket and removed it to ascertain whether it was a weapon. Parker insists that the frisk was not warranted by the circumstances and that the object should have been suppressed. The importance of this issue to Parker is that the object was the cap of a removable aviation fuel tank found at the end of the runway with the 995 pounds of marijuana and, thus, provided a very concrete link between Parker and the contraband.

We hold without hesitation that the trial court was correct in refusing to exclude the cap from evidence. There were certainly circumstances from which the officer could conclude that criminal activity was afoot and the situation was such that the officer might very reasonably have been concerned that weapons were present. The holding of the U. S. Supreme Court in Terry v. Ohio, 392 U.S. 1 (88 SC 1868, 20 LE2d 889), authorized the very limited intrusion made by the officer in this case.

5. Following the guilty verdicts, the trial court verbally announced Sacchinelli's sentence to be 10 years, 9 to serve and 1 on probation, the probation being conditioned on payment of a $10,000 fine. As reduced to writing and signed by the trial judge, the sentence provided for the same term, but permitted Sacchinelli to enter upon probation immediately upon his release from prison and to pay his fine in monthly payments of $1,000, commencing 30 days after his release from prison. The next day, a new sentence was filed, purporting to be an amendment to the first. The new sentence provided that the fine had to be paid in a lump sum as a condition precedent to probation and added the condition that Sacchinelli not operate an aircraft in Georgia. The entry of that second sentence is enumerated as error, and we are compelled to agree with Sacchinelli's argument on this issue.

" 'Once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition

against double punishment or jeopardy. [Cits.]' " *Brown v. Moody,* 243 Ga. 473, 474 (254 SE2d 853). As it was in *Brown,* the next-day amendment of the sentence was erroneous. The trial court is directed to vacate the second sentence and reinstate the first.

6. In Case No. 63078, Sacchinelli raises two objections to the forfeiture of the aircraft seized at the time of his arrest. The first objection concerns the trial court's dismissal of the motion to intervene filed by a party asserting an interest in the aircraft. The trial court initially permitted the intervention, but later dismissed after the intervenor failed to appear at a hearing. However, the merits of the intervention and of the dismissal aside, we fail to find any standing in Sacchinelli to raise this objection. Sacchinelli has consistently denied ownership of the aircraft. If, as he asserts, he had no ownership interest, we fail to see how he is prejudiced by the trial court's action, including the forfeiture.

Sacchinelli's second objection is that the evidence did not warrant the forfeiture. Under the provisions of Code Ann. § 79A-828, an aircraft is subject to forfeiture if it has been used to transport marijuana. The evidence in this case is overwhelming that the aircraft was so used. Also forfeited was $2,900 found on Sacchinelli's person. The circumstantial evidence in this case was sufficient to authorize the trial judge to conclude, as he did, that the funds were present to facilitate the drug transaction in which appellants were involved at the time of their arrest. The requirements of the statute were met and there was no error in the forfeiture.

*Judgments affirmed in Cases No. 63078 and No. 63079. Judgment affirmed with direction in Case No. 63077. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 9, 1982 —
REHEARING DENIED MARCH 23, 1982.

*Edwin Marger, Nancy F. Lawler, Robert O. Davies,* for appellant (case nos. 63077, 63078).

*James K. Jenkins, James O. Ellis, Jr.,* for appellant (case no. 63079).

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney, James T. Martin,* for appellee.