65137, 65138. DAVIS v. THE STATE (two cases).

MCMURRAY, Presiding Judge.
Defendant was indicted for felony possession of marijuana. He was found guilty of attempt to possess marijuana. The trial court sentenced him to five years probation, on condition that he spend one year incarcerated in the county work farm (and reimburse the county for costs of each day's incarceration not to exceed $3,000) and that he pay a $7,000 fine. We join here defendant's appeal of the denial of his motion for supersedeas bond (No. 65137) with his main appeal (No. 65138). *Held:*

1. Defendant asserts in his first enumeration of error that the trial court erred in refusing his request to charge on misdemeanor possession of marijuana (less than one ounce). Where it is disputed whether the state has proven that the quantity of marijuana allegedly in a defendant's possession exceeded one ounce, the defendant is entitled to a jury charge specifying that a felony conviction is not authorized unless the jury finds that the quantity exceeded one ounce. *Jones v. State,* 151 Ga. App. 560, 561 (260 SE2d 555). In the case sub judice, the state was unable to prove the exact quantity allegedly possessed by the defendant because the agents commingled that marijuana with other marijuana found in the vicinity. However, the testimonial evidence offered by two GBI agents clearly showed that, although the exact quantity was unknown, it was substantially

in excess of one ounce.

The marijuana allegedly possessed by defendant consisted of 25-30 stalks (plants) of marijuana with leaves attached. One of the agents, after being qualified as an expert witness, testified that a marijuana plant, 12 to 14 feet in height, produces an average of three pounds of illegal marijuana. Thus, if the jury believed beyond a reasonable doubt that defendant possessed the marijuana as alleged, it would have had to find that defendant possessed an excess of one ounce of marijuana. On the basis of the evidence, even as disputed by defendant, the jury would not have been authorized to find that defendant possessed marijuana, but less than one ounce. Therefore, the requested charge on misdemeanor possession did not comport to the evidence and the trial court properly refused it. See *Coffey v. State,* 141 Ga. App. 254, 255 (1) (233 SE2d 243). See also *Sacchinelli v. State,* 161 Ga. App. 763, 765 (2) (288 SE2d 894). Furthermore, the state also attempted to prove that defendant possessed the entire patch from which the stalks were taken. The patch contained 214 plants, ranging from 8 to 10 feet in height, which would produce several hundred pounds of illegal marijuana. Thus, there can be no doubt that the issue at trial was whether defendant possessed the marijuana, not whether the quantity of marijuana allegedly possessed was more or less than one ounce.

2. Defendant's second contention is that the trial court erred in denying his motion for a directed verdict of acquittal on the ground that the state failed to rebut his entrapment defense. Defendant did indeed make a strong showing of entrapment, but it was not conclusive as a matter of law. He asserted that he only went to the marijuana patch at the insistence of a police informant, who accompanied him there. The state, on the other hand, adduced sufficient evidence, in the form of testimony by state's witnesses and later by testimony of defendant on cross-examination, to create the inference that defendant was predisposed to commit the crime. The issue of entrapment was thus a question of fact for the jury. See *State v. Royal,* 247 Ga. 309, 312 (1) (275 SE2d 646); *McDonald v. State,* 156 Ga. App. 143, 147 (4) (273 SE2d 881). See also *East v. State,* 135 Ga. App. 291 (2) (217 SE2d 490); *McHugh v. State,* 134 Ga. App. 758, 760 (1) (216 SE2d 351).

3. Closely related to this contention, defendant asserts that the court erred in refusing his requested charge on entrapment. The court's charge on entrapment was lengthy, thorough and clear. It substantially covered the same principles as the requested charge. Therefore, we find no error. See *Kelly v. State,* 241 Ga. 190, 192 (4) (243 SE2d 857); *Burnett v. State,* 240 Ga. 681, 687 (7) (242 SE2d 79).

4. Defendant next contends that the court's charge on

possession was improper. The court charged that the defendant could be found to have possessed the marijuana if he had "actual or constructive possession, either alone or jointly with others . . . so long as the other was not a Law Enforcement Officer or was not in the employ of a Law Enforcement Agency." Defendant contends that this charge may have confused the jury into believing it could convict him if he was found to be in possession of the marijuana jointly with the informant. We disagree. The charge given was substantially identical to that approved of in *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872) and *Thomas v. State,* 153 Ga. App. 686, 689 (2) (266 SE2d 335), except for the additional language, "so long as . . ." We find that this additional language was added to prevent, rather than authorize, the jury from finding defendant guilty if he only possessed the marijuana jointly with the informant. The charge on joint possession was appropriate because defendant had injected testimony into the trial that the marijuana was being grown by the informant and a named third person. This related particularly to the state's attempt to prove defendant was in possession of the growing marijuana in addition to that cut and being taken from the field. There being a large quantity of marijuana which, under the evidence, could have been found to have been in the possession of any one of three people (defendant, the informant, and the named third person) or any combination of the three, the charge given by the court was correct.

5. Defendant also asserts that the court erred in refusing his requested charges on "pretended accomplice" or "counterfeit accomplice." Defendant cites *Dalton v. State,* 113 Ga. 1037 (39 SE 468) and *Williams v. State,* 55 Ga. 391, 392 (3), in support thereof. The substance of the requests to charge is that the intent and acts of the feigned accomplice (the informant) could not be imputed to defendant and, in order to find defendant guilty, it must be found beyond a reasonable doubt that he committed every element of the alleged offense. The trial court did not specifically charge that the intent and acts of the informant could not be imputed to defendant, but we find that the trial court made the point clear in its charges on entrapment and possession, taken together with the charges on the burden of the state to prove each element of the crime beyond a reasonable doubt and the charge as a whole. Moreover, in light of the fact that the state did not attempt to impute anything done by the informant to defendant (in fact, we find the contrary to be true, that is, the state was careful to steer clear of anything remotely creating an inference of conspiracy), the issues and evidence did not warrant the specific requests to charge. See *Parrish v. State,* 160 Ga. App. 601, 606 (6) (287 SE2d 603).

6. In defendant's final enumeration of error he makes the

assertion that attempted possession of marijuana (Code Ann. § 79A-812 (Ga. L. 1974, pp. 221, 144)) (now OCGA § 16-13-33, effective November 1, 1982) is not a lesser included offense within possession of marijuana (Code Ann. § 79A-811 (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113; 1979, p. 1258; 1980, p. 432)) (now OCGA § 16-13-30, effective November 1, 1982) because it is included in a separate Code section and because it provides for the same punishment. More accurately, Code Ann. § 79A-812, supra, provides that attempt or conspiracy to commit any offense defined in the chapter, including possession of marijuana under Code Ann. § 79A-811, supra, "shall be punished by imprisonment not exceeding the maximum punishment for the offense, the commission of which was the object of the attempt or conspiracy."

The cardinal rule in statutory construction is to ascertain the intent of the legislature. *Roberts v. State,* 4 Ga. App. 207, 210 (60 SE 1082). "Attempt" is not defined in Code Ann. § 79A-812, supra, so we look to the general criminal attempt chapter, Code § 26-1001 et seq., for relevant expressions of legislative intent. See *Hammock v. Zant,* 244 Ga. 863, 864 (262 SE2d 82); *Poteat v. Butler,* 231 Ga. 187, 188 (1) (200 SE2d 741). Of particular relevance is Code Ann. § 26-1005 (Ga. L. 1968, pp. 1249, 1275) (now OCGA § 16-4-3, effective November 1, 1982), which provides that the charge of a crime implicitly includes the charge of attempt to commit the crime. See *Finley v. State,* 139 Ga. App. 495 (1) (229 SE2d 6); *Rozier v. State,* 124 Ga. App. 481, 483 (4) (184 SE2d 203).

Defendant argues, however, that because the General Assembly enacted a separate statute for attempt to possess marijuana (or other controlled substances) it intended it to be a separate and distinct crime rather than being a lesser included crime within possession of marijuana (or other controlled substances). We disagree. Code Ann. § 79A-812, supra, is exclusively a punishment statute. We find that the most reasonable interpretation of the legislative intent in enacting this statute was to supplant the general punishment provision for criminal attempt (Code Ann. § 26-1006 (Ga. L. 1968, pp. 1249, 1275)) (now OCGA § 16-4-6, effective November 1, 1982) with a specific (and potentially more harsh) punishment provision for attempt or conspiracy to possess controlled substances. We hold that Code Ann. § 79A-812, supra, in no way affects the operation of Code Ann. § 26-1005, supra, but that it renders Code Ann. § 26-1006, supra, inapplicable in prosecutions under the Georgia Controlled Substances Act, Code Ann. § 79A-801 (Ga. L. 1974, pp. 221, 223), et seq. and as amended.

We also reject defendant's companion argument that attempt to possess marijuana is not a lesser included crime of possession of

marijuana because the two crimes carry the same punishment. Defendant cites no authority for this proposition and we know of none. The statutory provisions pertaining to included crimes, Code Ann. § 26-505 (Ga. L. 1968, pp. 1249, 1267) (now OCGA § 16-1-6, effective November 1, 1982) and Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267), (now OCGA § 16-1-7, effective November 1, 1982), contain nothing about punishment or potential punishment. We conclude that the punishment aspect of an offense is irrelevant in the determination of whether that offense is included in another.

7. Our decision on the main appeal (No. 65138) renders defendant's appeal of the denial of his motion for supersedeas bond (No. 65137) moot and we therefore dismiss it. Code Ann. § 6-809 (b) (3) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986) (now OCGA § 5-6-48, effective November 1, 1982); *Reid v. State,* 129 Ga. App. 367 (199 SE2d 674).

*Judgment affirmed in case number 65138; appeal dismissed in case number 65137. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 3, 1982.

*Kenneth Kondritzer, William O. Cox, John R. Calhoun,* for appellant.

*Michael J. Bowers, Attorney General, Dupont K. Cheney, District Attorney, Harrison Kohler, Assistant District Attorney,* for appellee.