66772. LANG v. THE STATE.

DEEN, Presiding Judge.

In January 1982 law enforcement officers in Gordon County, acting pursuant to valid search warrants, searched premises belonging to appellant and seized a large quantity of marijuana, together with a sum of cash and a number of miscellaneous items, many of which were suitable for use in the distribution of marijuana. Appellant was arrested, tried, and convicted of trafficking in marijuana and possession of drug-related objects. On the first count he was sentenced to ten years' imprisonment and a $25,000 fine, and on the second count to one year's probation, to commence upon payment of the fine imposed under Count I. On appeal this court affirmed the conviction. *Lang v. State,* 165 Ga. App. 576 (302 SE2d 683) (1983); cert. denied (case no. 39787, decided July 5, 1983).

Within ten days of the seizure of the marijuana and other items, the district attorney was notified of the seizure, and within 30 days the latter filed a petition to condemn the property seized. OCGA § 16-13-49 (Code Ann. § 79A-828). Upon trial a jury found for the state. Lang now appeals from this judgment, enumerating the following errors: (1) the trial court in the prior case erred in denying appellant's motion to suppress; (2) the trial court in this case erred in entering judgment against appellant because it had no in *personam* jurisdiction in that appellant allegedly did not receive personal service; (3), (4) the court erred in holding for the state because OCGA § 16-13-49 (Code Ann. § 79A-828) is unconstitutional on its face and in its application, in that it denies due process and contains subject matter different from that expressed in its title; and (5) the court below erred in failing to dismiss the state's condemnation petition because the facts alleged therein were not in compliance with the requirements of the Code section. *Held:*

We have scrutinized not only the record of the instant case but also that of the prior criminal proceeding. *Lang v. State,* supra. We find merit in none of appellant's enumerations and affirm the judgment below for the following reasons.

1. This court has no jurisdiction to review the denial of a motion made in a different proceeding from that underlying the instant appeal. Moreover, even if such review were procedurally permissible, appellant would be collaterally estopped from what is, in effect, an attempt to obtain a second appellate review of an issue previously litigated between the same parties, and previously reviewed by this court. The proper methods of making a post-judgment attack on a judgment are set forth in OCGA § 9-11-60 (Code Ann. § 81A-160). None of these is appropriate here, as a matter of law. This court cannot consider such an enumeration.

2. The record discloses that appellant was personally served by a duly authorized deputy sheriff. The fact that this person also worked as an investigator for the district attorney's office would not alter his status as a duly sworn deputy. The cases cited by appellant are inapposite because they involve civil actions in which the defendant is served by an opposing party (or his agent), whose lack of bias would be questionable. In most of those cases, moreover, it is unclear whether the defendant received actual notice. The record shows that receipt of actual notice is not really subject to dispute in the instant case, and the sheriff attested to the status of the deputy who had served appellant. See also OCGA § 9-11-4 (j) (Code Ann. § 81A-104).

Moreover, a condemnation forfeiture is an *in rem* proceeding rather than an *in personam* action, and it is jurisdiction over the

property rather than its owner that is essential. OCGA § 16-13-49 (b) (Code Ann. § 79A-828). The statute requires only that a copy of the action "be served on the owner . . ., if known." OCGA § 16-13-49 (e) (Code Ann. § 79A-828). In the instant case jurisdiction of the property indisputably existed. This enumeration is also without merit.

3. The constitutionality of the challenged Code section, OCGA § 16-13-49, and of its predecessor, Ga. Code Ann. § 79A-828, has been upheld by Georgia's Supreme Court. See *Palmer v. State,* 250 Ga. 219 (297 SE2d 22) (1982); *Tant v. State,* 247 Ga. 264 (275 SE2d 312) (1981); *Sacchinelli v. State,* 161 Ga. App. 763 (288 SE2d 894), cert. denied —— U. S. —— (103 SC 375, 74 LE2d 509) (1982), reh. denied —— U. S. —— (103 SC 772, 74 LE2d 984) (1983). As to appellant's contention that the provisions of § 16-13-49 (Code Ann. § 79A-828) violate Article III, Section VII, Paragraph IV (Code Ann. § 2-1304) of the state Constitution (of 1976), which forbids treatment of "more than one subject matter" in a single statute, the Supreme Court settled this long ago. In *Crews v. Cook,* 220 Ga. 479, 481 (139 SE2d 490) (1964), Justice Candler pointed out that "the word 'subject matter' . . . is not synonymous with the word 'provision,'" and went on to hold that the constitutional proscription requires only that the parts of a given statute be so related as to be "parts of, or germane to, one subject." OCGA § 16-13-49 (Code Ann. § 79A-828) passes this test.

4. Appellant correctly states that a libel condemnation proceeding is a special statutory proceeding governed by OCGA § 16-13-49 (Code Ann. § 79A-828), and that the statute must be strictly construed. Examination of the record discloses, however, that the petition alleged sufficient facts to fulfill the requirements of subsection (e) of the statute, and that the proceeding was otherwise in compliance both with the statute and with the underlying legislative intent; namely, the prompt disposition of criminal property. See *State v. Britt Caribe, Ltd.,* 154 Ga. App. 476, 477 (268 SE2d 702) (1980); *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821 (189 SE2d 118) (1972); compare *State v. Ellis,* 156 Ga. App. 779 (275 SE2d 361) (1980). The fact that the superior court did not comply with the statutory provision (subsection (e)) regarding issuance of process to the present custodian of the property sought to be condemned is of no legal significance in the fact situation of the instant case, in that such order would have been moot.

As to appellant's contention that the language of OCGA § 16-13-49 (Code Ann. § 79A-828) is mandatory because "shall" is the verb employed, the Supreme Court held to the contrary in *O'Neal v. Spencer,* 203 Ga. 588 (47 SE2d 646) (1948). The court held there that,

particularly when no injury ensues to the defendant, a statute which directs that some act be done within a given sequence or time period, but prescribes no penalty if strict compliance is not achieved, is to be construed as directory rather than mandatory in its provisions. See also *Middleton v. Moody,* 216 Ga. 237 (115 SE2d 567) (1960). This court has held that "statutes directing the mode of proceeding by public officers, designated to promote method, system uniformity, and dispatch in such proceeding, will be regarded as directory if a disregard thereof will not injure the rights of parties, and the statute does not declare what result shall follow non-compliance therewith, nor contain negative words importing a prohibition of any other mode of proceeding than that prescribed." *Collins v. Nix,* 125 Ga. App. 520, 524 (188 SE2d 235) (1972); *Southern Security Co. v. American Discount Co.,* 55 Ga. App. 736 (191 SE 258) (1937). Clearly, this Code section is just such a statute. " 'The condemnation proceeding under [§ 16-13-49 (Code Ann. § 79A-828)] is *designed* to be expeditious . . .' " *State v. Britt Caribe, Ltd.,* supra at 477.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 1, 1983.

*Billy L. Spruell,* for appellant.

*Darrell E. Wilson, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.