### 74187. FULTON v. STATE OF GEORGIA.
(359 SE2d 726)

BEASLEY, Judge.

Fulton, claimant in an action by the state seeking forfeiture of a van and cash pursuant to OCGA § 16-13-49, appeals the denial of her motion to set aside a default judgment. We granted the application for discretionary appeal.

Fulton's ex-husband was found dead in the van at a rest area in Gordon County on December 17, 1985. He had died from a cocaine overdose, and small amounts of marijuana and cocaine were found in the van and on his body. Also found was approximately $60,000 in cash. The libel for condemnation of the van and cash was filed January 15, 1986. Fulton's claim and answer were filed on February 18. Extensive discovery was engaged in by Fulton, and a motion to suppress resulted. A lengthy hearing at which claimant appeared and testified was held on May 8 by a judge who was not the trial judge. Claimant also filed her proposed pretrial order.

The case was stipulated to the trial calendar on July 14, 1986, and appeared on the published trial calendar for the week of September 8 in position # 12. It is undisputed that on Friday morning, September 5, Sadow, counsel for Fulton, spoke both with the trial judge's

secretary and with the judge concerning the Monday calendar call and the fact that Sadow had a conflict with a Florida criminal case for that day. He was excused by the judge from appearing on Monday. He also spoke with the prosecutor handling the case and advised him of the problem. The prosecutor told Sadow that he was to be in the grand jury that week and also had problems. A "gentlemen's agreement" was entered into by the two attorneys, both agreeing to advise the other of any news concerning the trial calendar's progress. As of that Friday afternoon, the court believed that it had a one-day, a two-day, and a three-day case which would be tried in sequence beginning Monday. Sadow called twice from Miami on Monday and spoke with the judge's secretary.[1] She informed Sadow in the morning call that nothing had changed. During the afternoon call, she told him again it was the same but was subject to change. Sadow understood that, as of this point, having advised the court that his witnesses were a 16-hour drive away in Ohio, he was "on call" and would be given reasonable notice of the court's placing the case on trial. The secretary stated at the hearing on the motion to set aside that she would "not presume to have that authority."

The next day, Tuesday, Sadow checked with his office and was told that no call had been received from the court. He returned from Miami that afternoon and remained in his Atlanta office awaiting a call.

Tuesday morning the judge's remaining two cases before Fulton's settled. The grand jury bailiff so notified the prosecutor, who left the grand jury room and proceeded to the courtroom. The court sounded the case for trial. No one responded for Fulton. The court stated that it had advised Sadow in the conversation on Friday to be present and ready for trial after Monday. No one attempted to reach Sadow. The prosecutor moved to strike the claim and answer of claimant for failure to appear. The motion was granted and the court placed the case "into default and allow[ed] default judgment in favor of the State. . . ." On Thursday the court entered its written order for judgment reflecting that upon failure to appear "upon the call of the case, . . . the defensive pleadings were stricken and a default judgment granted in behalf of Plaintiff." Sadow learned that default had been entered when a witness called and informed him he had heard it on the radio. Fulton's motion to set aside pursuant to OCGA § 9-11-60 was filed on Monday and subsequently denied.

OCGA § 16-13-49, under which this litigation was initiated, is a special statutory proceeding which must be strictly construed and

---

[1] Since this judge covered more than one county, it appears that his secretary handled his calendar since no clerk made any announcement or testified concerning this matter.

complied with. *Lang v. State*, 168 Ga. App. 693, 695 (4) (310 SE2d 276) (1983); *State of Ga. v. Britt Caribe, Ltd.*, 154 Ga. App. 476, 477 (268 SE2d 702) (1980). As such, not all provisions of the Civil Practice Act apply. OCGA § 9-11-81. This is true with regard to OCGA § 9-11-55, the default judgment statute. "The disposition of unclaimed property . . . within thirty days is not a default judgment, inasmuch as the property is unclaimed and the judgment, if it is one, is against the property and there is no party in default." *State of Ga. v. Britt Caribe, Ltd.*, supra at 477-478. Although that case dealt with the attempted opening of a default, the rationale explained there applies to the attempted entry of a default after "striking" the claimant's answer and claim as was done in this case.

The apparent legal basis for the court's action, as reflected by the oral and written order entering the default, was the old "three minute rule" of former Code Ann. § 24-3341, which was repealed by the adoption of the new Uniform Superior Court Rules (253 Ga. 799 et seq.) effective July 1, 1985. *Jones v. Jones*, 256 Ga. 178 (345 SE2d 605) (1986). USCR 14 could not have been the basis for the court's actions because it provides for dismissal of a pleading (not a final adjudication on the merits) "where appropriate" for failure to respond to a calendar call. Because this is a special statutory proceeding to which default is not applicable, this would not have been "appropriate."

Now applicable to cases tried in superior courts with regard to trial calendars and call of cases are USCR 8.3 and 8.4. USCR 8.4 provides that "parties and counsel in the first 5 actions on the published trial calendar shall appear ready for trial on the date specified unless otherwise directed by the assigned judge. Parties in all other actions on the calendar are expected to be ready for trial but may contact the calendar clerk to obtain: (A) A specific date and time for trial during the trial term specified in the calendar; or (B) Permission to await the call by the calendar clerk of the action for trial upon reasonable notice to counsel."

The rule does not mean the first five cases "to be tried" must appear the first day. It rather requires the presence only of the first five cases on the published calendar. Fulton's was case #12 on that calendar and was not required to be in court on Monday, Sept. 8. Her counsel attempted to find out either a specific trial date or to obtain permission to be on call with reasonable notice. These are the two options provided by the rules, the purpose of which is to provide for the uniform and expeditious functioning of the courts of this state, so that the merits of each case may be reached and substantial justice may be done to the parties. See *Cryomedics v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) (1986).

Since the 1986 amendment of OCGA § 9-11-60, both the equita-

ble and legal grounds for setting aside a judgment are now included in that rule. See *Bagwell v. Parker*, 182 Ga. App. 313, 314 (2) (355 SE2d 463). Claimant urged as grounds for setting aside both the misapplication of the old "three minute" rule and the fact that, taking the court's rendition of the phone conversation of Friday as accurate, counsel for plaintiff was operating under a mistaken impression concerning his "on call" status.

Since the default judgment was not appropriate here and was entered after use of the repealed "three minute rule," the order denying the motion to set aside is reversed, there having been a non-amendable defect apparent on the face of the record. OCGA § 9-11-60 (d) (3); *Georgia Hwy. Express v. Whaley*, 166 Ga. App. 662 (305 SE2d 411) (1983).

This renders unnecessary a ruling on the remaining enumerations.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 7, 1987.

*William Scott Schulten, Joseph L. Kelly*, for appellant.
*Darrell E. Wilson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.