A91A0915. HUBBARD v. STATE OF GEORGIA.
(411 SE2d 44)

BEASLEY, Judge.

On August 20, 1990, appellee, the State of Georgia (through the District Attorney of the Northeastern Judicial Circuit) filed the present petition pursuant to OCGA § 16-13-49 (e) to condemn a motor vehicle which had been seized from Robert Hubbard, who allegedly was using the vehicle to transport amphetamine powder, a controlled substance.

On August 22, a copy of the petition was served on Robert Hubbard and on his wife, appellant Darlene Hubbard, who, as stated in the petition, is the owner of the vehicle. In the summons, these par-

ties were directed to file an answer to the petition within 30 days "of the filing of the action, exclusive of the day of filing." As provided for in OCGA § 16-13-49 (e), a notice of the proceeding was also published once a week for two weeks in the newspaper in which sheriff's advertisements are placed. This notice was published on August 30 and Hubbard answered on September 21, the thirty-second day, confirming that she was the owner of the vehicle and denying any knowledge that it was operated for the purpose of violating the Controlled Substances Act. On October 3, a bank moved to intervene, claiming it had a perfected security interest in the vehicle. By consent of the State and Darlene Hubbard, the court granted this motion.

Thereafter, the State moved to strike Darlene Hubbard's answer on the ground that it was not filed within 30 days of the filing of the petition. The court granted the motion. By final judgment, it condemned the vehicle and ordered its disposition to the narcotics squad.

On three grounds set out in three enumerations of error, appellant Hubbard urges that the court erred in striking her answer as untimely.

1. The first ground is that the petition did not "conclude with a prayer of due process to enforce the forfeiture," as required by subsection (e) of the statute. If the court did not err in striking her answer, she is in no position to challenge the sufficiency of the petition with respect to its omission of the express language described. This would be a defense, which the court would not reach because of the tardy attempt to raise the issue. Moreover, the petition's lack of the precise wording would be no legal excuse for the late filing of the claim.

Moreover, the petition is not defective as asserted. Its prayer for relief seeks, among other things, that the court "issue an order directing the custodian to seize said motor vehicle . . . and hold it until further order of this Court." This in essence is a prayer of the nature described by the statute. It was unnecessary to explicitly pray that the ultimate court order prayed for be one which would "enforce the forfeiture." That is inherent in what was stated, especially considering the entire context of the petition. It clearly advised potential claimants including appellant of its purpose and intent, and appellant does not assert otherwise. In fact, it is styled "Petition for the Condemnation of a Motor Vehicle," which claimant acknowledges an awareness of in repeating it on her answer, and the petition recites the governing Code section at the outset.

OCGA § 16-13-49, a forfeiture statute, is "a special statutory proceeding which must be strictly construed and complied with. [Cits.]" *Fulton v. State of Ga.*, 183 Ga. App. 570, 571 (359 SE2d 726) (1987). "[It] sets out and balances two legislative intentions: (1) the prompt disposition of property subject to forfeiture under the statute . . .;

and (2) the protection of property interests of innocent owners, as defined by the statute." *State of Ga. v. Jackson*, 197 Ga. App. 619, 621 (1) (399 SE2d 88) (1990). The direction given in the statute with respect to what the petition must contain is descriptive, not a recitation of "magic words" which must be included. Its purpose is notice. The petition in this case fulfilled the requirement.

2. The second ground is that the late answer should have been allowed because the "intervenor" filed its claim even later in time and the tardiness was waived by the State. Appellant should enjoy the same privilege, she asserts, because "prompt disposition," one of the legislative intentions of the prescribed procedure, will not be any more frustrated than has already been allowed.

Appellant consented to the waiver given the bank for its totally independent interest, and thus she cannot complain of it. This waiver does not, as a matter of law, entitle her to the same thing for her failure to comply with the statutory mandate of which she had due notice. Nor does she point to any authority which supports her contention. *Fulton v. State of Ga.*, supra, wherein it appears there was a late claim, does not hold that a claimant has a right to such. The tardiness of the claim was not in issue, and the opinion merely intimates that the lateness of the filing can be waived by the State.

Appellant shows no harm which would come to her as a result of the waiver given the bank. Moreover, contrary to her argument, the litigation of *her* claim would delay disposition, as there was no contest with respect to the bank's interest.

3. Appellant's third ground is that there is a "clear trend" in this court toward application of the Civil Practice Act in these condemnation cases under OCGA § 16-13-49 insofar as the opening of defaults is concerned. It is contended that the court's opinion in *State of Ga. v. Britt Caribe, Ltd.*, 154 Ga. App. 476 (268 SE2d 702) (1980), has been softened by its opinions in the *Fulton* and *Jackson* cases, supra.

*Britt Caribe* held that what is now OCGA § 9-11-55 does not apply to the forfeiture statute, and we reaffirm it for the sound reasons stated therein. Particularly pertinent here, "[t]he disposition of unclaimed property under [OCGA § 16-13-49 (e)] . . . is not a default judgment, inasmuch as the property is unclaimed and the judgment, if it is one, is against the property and there is no party in default." Id. at 477. That was repeated in *Fulton*, which recognized that "this is a special statutory proceeding to which default is not applicable." *Fulton*, supra at 572. The *Jackson* case does not involve an application of the CPA.

Appellant, not having available to her the CPA mechanism for "opening her default" or, more accurately, achieving a waiver of her tardy filing, is confronted with the statute's mandate that "[a]t the expiration of 30 days after [the] filing, if no claimant has appeared to

defend the action, the court shall order the disposition of the seized merchandise as provided for in this Code section." OCGA § 16-13-49 (e).

The claimed error was not one.

*Judgment affirmed. Banke. P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 17, 1991 — 

*Watson & Watson, Herman A. Watson III, Anne L. Watson,* for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Anne M. Bishop, Assistant District Attorneys,* for appellee.