## A95A2221. YOUREE v. STATE OF GEORGIA.
(469 SE2d 208)

BIRDSONG, Presiding Judge.

Donnie Youree, pro se, appeals the trial court's denial of his motion to return $666 that was seized during a search. He maintains that the money should be returned because his motion to suppress was granted, because he was not properly served with notice of the forfeiture, and because the trial court erred by conducting forfeiture proceedings before disposition of the criminal charges.

The record shows that Youree was arrested in July 1993 as a result of information received from a confidential informant. While he was in jail pending trial, a civil forfeiture proceeding was initiated under OCGA § 16-13-49 (n), and after Youree failed to contest the forfeiture, on October 20, 1993, the money was declared forfeited and was distributed to certain police agencies.

In February 1994, however, the trial court granted Youree's motion to suppress evidence seized in connection with his arrest and then dismissed the charge based on this arrest. Nevertheless, in March 1994, Youree pleaded guilty to other charges and was sentenced to confinement. Youree did not, however, request the return of the money at that time. Then on March 20, 1995, Youree filed a motion for the return of this money in the criminal case. After this motion was dismissed, Youree filed this appeal. *Held*:

Even assuming that Youree did not receive notice of the forfeiture proceedings, the trial court did not err by denying the motion to return Youree's money within the context of the criminal proceedings. Under OCGA § 16-13-49 (k) property taken or detained under the forfeiture procedures is subject only to orders and decrees of the court having jurisdiction over the forfeiture proceedings; under OCGA § 16-13-49 (x) (4) "[n]o person claiming an interest in property subject to forfeiture under this article may commence or maintain any action against the state concerning the validity of the alleged interest other than as provided in this Code section. Except as specifically authorized by this Code section, no person claiming an interest in such property may file any counterclaim or cross-claim to any action brought pursuant to this Code section." As no provision in OCGA § 16-13-49 authorizes a motion such as Youree employed in this case, the trial court did not err by denying the motion.

The proper method of making a post-judgment attack on a forfei-

ture is through OCGA § 9-11-60. See *Lang v. State*, 168 Ga. App. 693 (310 SE2d 276). Even though OCGA § 16-13-49 is a special statutory proceeding (*Fulton v. State of Ga.*, 183 Ga. App. 570 (359 SE2d 726); *State of Ga. v. Britt Caribe*, 154 Ga. App. 476, 477 (268 SE2d 702)), the provisions of OCGA § 9-11-60 apply. OCGA § 9-11-81; *Fulton v. State of Ga.*, supra.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 11, 1996 —
RECONSIDERATION DISMISSED MARCH 6, 1996.

Donnie Youree, *pro se.*

Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Laura D. Hogue, Assistant District Attorneys, for appellee.