[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13786
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-00175-LGW-JEG

WILLIAM LILL,
As Permanent Administrator of the Estate
of Robert Lill, Deceased,

Plaintiff - Appellant,

versus

GOVERNOR OF THE STATE OF GEORGIA,
THE STATE OF GEORGIA,
SHERIFF STEVE JESSUP,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 19, 2015)

Before MARTIN, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

This case arises out of the seizure of Robert Lill's property pursuant to O.C.G.A. § 16-13-49(n). Robert Lill is now deceased; the Plaintiff, William Lill, is the Administrator of his estate. The Plaintiff sues the State of Georgia, Nathan Deal, the Governor of the State of Georgia, and Steve Jessup, the Sheriff of McIntosh County. The Complaint alleges 28 U.S.C. § 1983 claims, and seeks money damages, injunctive relief, and declaratory relief. The Complaint also contains a state law claim for conversion. The district court dismissed the Complaint in its entirety, relying on a number of legal theories including failure to state a claim, various types of immunity, and lack of standing. The Plaintiff appeals. We review de novo the dismissal of the Plaintiff's action.

With one exception, all of the Plaintiff's federal claims are premised on a lack of procedural due process in the seizure of Robert Lill's property.[1] Specifically, the Plaintiff alleges that Robert Lill was not given notice of the forfeiture proceeding in which his property was seized because he was incarcerated. However, "no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." *Case v. Eslinger*, 555

---

[1] The one exception is the Plaintiff's facial challenge to the constitutionality of O.C.G.A. § 16-13-49. The district court held that the Plaintiff lacked standing to bring such a claim. The Plaintiff raises this issue only in his Summary of the Argument, and does not cite any authority supporting the reversal of this holding. No reversible error has been demonstrated.

2

F.3d 1317, 1331 (11th Cir. 2009) (quotations omitted). In this case, the law provides a remedy, which would permit the filing of a motion to set aside the judgment entered in the forfeiture proceeding under O.C.G.A. § 9-11-60(d)(2). *See Youree v. State*, 220 Ga. App. 453, 453 (Ga. Ct. App. 1996). Because there was a meaningful post-deprivation remedy for all of these due process claims, we find no error in the district court's dismissal of all of the Plaintiff's Section 1983 claims.

Turning to the state law claims for conversion, the district court dismissed the state law claims against the State of Georgia and Governor Deal because Plaintiff appeared to "concede that he [could not] prevail" and because his "arguments in response to the State of Georgia and Governor Deal's motion concern[ed] the federal claims." (Order, DE 17 at 22). The district court dismissed the state law claim against Sheriff Jessup in his official capacity for failure to comply with the *ante-litem* notice requirement of O.C.G.A. § 36-11-1. (*Id.* at 23). Finally, the district court dismissed the state law claim against Sheriff Jessup in his individual capacity based on Georgia's doctrine of official immunity. (*Id.* at 24). The Plaintiff does not contend that any of these three holdings were erroneous. Thus, we find no error in the district court's dismissal of the Plaintiff's state law claims for conversion.

The judgment is affirmed.

AFFIRMED.

3