## S97A1762. ROJAS v. STATE OF GEORGIA.
(498 SE2d 735)

SEARS, Justice.

The Court of Appeals transferred this appeal to this Court because it was equally divided on the disposition of the appeal.[1] The appeal concerns an in rem forfeiture complaint filed by the State pursuant to OCGA § 16-13-49 following the alleged sale of cocaine by the appellant, Miguel Rojas, to undercover agents. The sales allegedly occurred at Mr. Rojas's place of business, Universe Wrecker Service. Rojas answered the complaint, but now concedes that his initial answer was insufficient to meet the pleading requirements of OCGA § 16-13-49 (o) (3). Rojas also filed an amended answer beyond the 30-day period granted in § 16-13-49 (o) (3) for filing an answer. The trial court granted the state's motion for a judgment of forfeiture, ruling that Rojas's initial answer was insufficient, and that, under the authority of *Jarrett v. State of Ga.,*[2] his amended answer could not relate back to his initial one, and therefore was untimely. Rojas then appealed to the Court of Appeals. He contended that the trial court erred (1) in ruling that the State's complaint complied with the pleading requirements of § 16-13-49; (2) in ruling that the notice of seizure provided to Rojas in the complaint was sufficient to satisfy

---

[1] 1983 Georgia Constitution, Art. VI, Sec. V, Par. V.
[2] 220 Ga. App. 559, 561 (2) (472 SE2d 315) (1996).

§ 16-13-49 (i) (3); (3) in denying Rojas's motion to suppress the order of seizure;[3] and (4) in ruling that Rojas's amended answer could not relate back to his timely-filed but admittedly insufficient initial answer. All ten judges of the Court of Appeals found Rojas's first three contentions to be without merit. However, the court evenly split on the last issue, and thus transferred the appeal to this Court.

1. We conclude that the trial court did not err in denying Rojas's motion to suppress or in denying his motion to dismiss the State's complaint.

2. Rojas concedes that his initial answer was insufficient to satisfy the pleading requirements of § 16-13-49 (o) (3), but contends that his amended answer should relate back to the filing of his initial answer, and that the trial court thus erred in striking his amended answer and in granting a judgment of forfeiture. We agree, and thus reverse.

Under OCGA § 9-11-81,[4] the amendment provisions of OCGA § 9-11-15 of the Civil Practice Act, including the relation back provisions of § 9-11-15 (c), apply to forfeiture proceedings unless "*specific*," "*expressly prescribed*" rules of the forfeiture statute conflict with the amendment provisions of the CPA.

With this principle in mind, we will examine whether the Court of Appeals erred in holding in *Jarrett*[5] that an amended answer under the forfeiture statute cannot relate back to a timely-filed initial answer. In reaching its holding, the Court of Appeals relied on our decision in *State of Ga. v. Alford*[6] and on OCGA § 16-13-49 (o) (4). In *Alford*, this Court was required to interpret OCGA § 16-13-49 (o) (5), which provides that, "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause." More specifically, we had to interpret whether the phrase "an answer" included any answer that was filed in the forfeiture proceeding or only those answers meeting the special pleading requirements of § 16-13-49 (o) (3). We held that the hearing requirement of § 16-13-49 (o) (5) was invoked only when a legally sufficient answer, i.e., one meeting the pleading requirements of subsection (o)

---

[3] See OCGA § 16-13-49 (q).

[4] OCGA § 9-11-81 provides as follows:
This chapter shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of this chapter governing the sufficiency of pleadings, defenses, amendments, counterclaims, cross-claims, third-party practice, joinder of parties and causes, making parties, discovery and depositions, interpleader, intervention, evidence, motions, summary judgment, relief from judgments, and the effect of judgments shall apply to all such proceedings.

[5] 220 Ga. App. at 561.

[6] 264 Ga. 243 (444 SE2d 76) (1994).

(3), was filed. Significantly, in determining whether Alford's answer was sufficient to satisfy the pleading requirements of subsection (o) (3), this Court specifically considered the amended answer that Alford had filed. We concluded, however, that the amended answer was legally insufficient.

Citing our decision in *Alford*, the Court of Appeals in *Jarrett* reasoned that an answer that was insufficient to meet the pleading requirements of § 16-13-49 (o) (3) was the equivalent of "no answer" for purposes of § 16-13-49 (o) (4), which provides that "[i]f at the expiration of the period set forth in paragraph (3) of this subsection *no answer* has been filed, the court shall order the disposition of the seized property as provided for in this Code section."[7] The Court of Appeals thus concluded that an amended answer could not relate back to a timely-filed first answer.[8]

We conclude that the Court of Appeals erred in *Jarrett* in holding that an amended answer cannot relate back to a timely-filed initial answer, and we therefore overrule that portion of the *Jarrett* decision. First, subsection (o) (4) of OCGA § 16-13-49 is silent regarding amendments; it simply provides that if "no answer has been filed, the court shall order the disposition of the seized property." Based upon its plain language, this provision cannot reasonably be construed as a specific, expressly prescribed procedure in the forfeiture statute that is contrary to the amendment provisions of OCGA § 9-11-15.[9]

Moreover, the effect of a legally insufficient answer on § 16-13-49 (o) (5), as interpreted by this Court in *Alford*, and on § 16-13-49 (o) (4), as interpreted by the Court of Appeals in *Jarrett* and other cases, does not place those subsections specifically at odds with the amendment provision of the CPA or with the provision that amendments relate back to the filing of the original answer. The reason is that, as represented by our consideration of Alford's amended answer, the provisions can be easily harmonized as follows: Amendments to answers in forfeiture proceedings are permitted, and they relate back to the initial answer, thus meaning that any amendment to an answer under § 16-13-49 must be considered to have been filed within the 30-day limitation of § 16-13-49 (o) (3), and must be considered in determining the legal sufficiency of a property owner's

---

[7] (Emphasis supplied.)

[8] *Jarrett*, 220 Ga. App. at 560-561. In other cases, which have dealt only with an initial answer that did not satisfy the pleading requirements of § 16-13-49 (o) (3), the Court of Appeals has followed the reasoning of *Jarrett* to the effect that a legally insufficient answer is the equivalent of "no answer" for purposes of § 16-13-49 (o) (4), thus authorizing the trial court to enter a judgment of forfeiture at the end of the 30-day period in which an answer is required to be filed. *Tuggle v. State*, 224 Ga. App. 353, 355 (480 SE2d 353) (1997); *Howard v. State*, 223 Ga. App. 323, 325 (477 SE2d 605) (1996).

[9] See OCGA § 9-11-81.

answer under § 16-13-49 (o) (3). If, however, the answer and the amendment are legally insufficient under § 16-13-49 (o) (3), then the rules established by this Court and the Court of Appeals governing the impact of a legally insufficient answer on the forfeiture proceedings come into play. This construction of the CPA's amendment rules and the forfeiture provisions is consistent with our treatment of Alford's amended answer and with one of the purposes of § 16-13-49 — "to protect the interests of innocent property owners."[10]

For the foregoing reasons, we reverse the judgment of the trial court and remand the case for the trial court to consider Rojas's amended answer in light of this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*Stephen T. Maples,* for appellant.
*J. Tom Morgan, District Attorney, Carol M. Kayser, Stephen D. Sencer, Assistant District Attorneys, Gary D. Bergman,* for appellee.
*Daniel J. Porter, District Attorney Gwinnett Circuit,* amicus curiae.