A98A1702, A98A1703. FORD v. STATE OF GEORGIA (two cases).
(509 SE2d 734)

POPE, Presiding Judge.

Police officers arrested Melvin Ford for alleged possession of cocaine and marijuana. In addition to the suspected drugs found in Ford's possession, the police found him in possession of $6,598, a gold watch, a gold chain, a gold ring and a gold earring. The state filed a complaint to forfeit the money and another complaint to forfeit the jewelry. Ford filed answers to the complaints 43 days after they were served upon him. Because the answers were not filed within 30 days after service as required by the forfeiture statute,[1] the state moved the court to strike the answers and enter judgment on both complaints. Ford claimed that the cases were simply in default and should be opened as a matter of right under the default judgment statute[2] because the answers, though late, were filed within 15 days of the default. The trial court rejected Ford's claim and granted the state's motion, entering judgment for the state on both forfeiture complaints. Ford appeals.

Ford argues the court erroneously ruled that OCGA § 9-11-55 (a) does not apply to the forfeiture actions brought against his money and jewelry pursuant to OCGA § 16-13-49. This argument has been rejected by this Court. "The superior court did not err in determining that the provisions of OCGA § 9-11-55, relating to default judgments, are not applicable to the special statutory procedure created by OCGA § 16-13-49 and at issue in the case sub judice. [Cits.]" *Turner v. State of Ga.*, 213 Ga. App. 309, 310 (2) (444 SE2d 372) (1994). See also *Hubbard v. State of Ga.*, 201 Ga. App. 213, 215-216 (3) (411 SE2d 44) (1991); *State of Ga. v. Britt Caribe Ltd.*, 154 Ga. App. 476 (268 SE2d 702) (1980).

Moreover, contrary to Ford's claims, the opinion in *Rojas v. State*

---

[1] OCGA § 16-13-49 (o) (3).
[2] OCGA § 9-11-55.

*of Ga.*, 269 Ga. 121 (498 SE2d 735) (1998), does not change this Court's holdings that the default judgment statute of the Civil Practice Act does not apply to the special statutory forfeiture procedures created by OCGA § 16-13-49. The opinion in *Rojas* does not address the applicability of default judgments under OCGA § 9-11-55 in OCGA § 16-13-49 forfeiture proceedings, but instead involves the relation back provision of OCGA § 9-11-15 (c) in such proceedings. The Supreme Court decided that in a forfeiture action an amended answer can relate back to a timely-filed initial answer. *Rojas*, 269 Ga. at 123-124 (2). Because the decision makes no mention of OCGA § 9-11-55, and because there is no timely-filed answer in the instant case, *Rojas* has no bearing on the instant case.

Accordingly, the trial court did not err in finding that OCGA § 9-11-55 does not apply to the forfeiture complaints against the money and jewelry found in Ford's possession, and did not err in entering judgment in favor of the state.

*Judgments affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 24, 1998 —
RECONSIDERATION DENIED DECEMBER 14, 1998 ▮▮▮▮▮▮▮▮

*J. Alfred Johnson,* for appellant.

*Benjamin F. Smith, Jr., District Attorney, Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.

