S99G0523. FORD v. STATE OF GEORGIA.
(516 SE2d 778)

HUNSTEIN, Justice.

We granted certiorari in this case to determine whether the procedures for opening default as a matter of right under OCGA § 9-11-55 (a) are applicable, pursuant to OCGA § 9-11-81, in forfeiture actions under OCGA § 16-13-49. The Court of Appeals, following its holding in *State of Georgia v. Britt Caribe, Ltd.,* 154 Ga. App. 476 (268 SE2d 702) (1980), held that the default procedures under the Civil Practice Act are not applicable to forfeiture actions. *Ford v. State of Georgia,* 235 Ga. App. 755 (509 SE2d 734) (1998). We reverse based on *Rojas v. State of Georgia,* 269 Ga. 121 (498 SE2d 735) (1998).

OCGA § 16-13-49 (o) (4) provides "[i]f at the expiration of the [30-day period for filing an answer] no answer has been filed, the court shall order the disposition of the seized property as provided for in this Code section." In *Rojas,* supra, we held that because OCGA § 16-13-49 (o) (4) was silent regarding the relation back of amendments, the forfeiture statute "cannot reasonably be construed as a specific, expressly prescribed procedure in the forfeiture statute that is con-

trary to the amendment provisions of OCGA § 9-11-15." (Footnote omitted.) *Rojas*, supra at 123. In the instant case, OCGA § 16-13-49 (o) (4) is likewise silent regarding relief from judgments entered after default, hence we cannot here construe it as expressly prescribing a procedure contrary to the default provisions of OCGA § 9-11-55. Contrary to the State's argument, we find no conflict between the opening of a default as a matter of right in OCGA § 9-11-55 (a) and the language in OCGA § 16-13-49 (o) (4) directing the court to order the disposition of the seized property in the absence of an answer. Nothing in the statutory forfeiture language precludes parties from seeking relief from a final order entered in a forfeiture action, including the relief provided by OCGA § 9-11-55 (a) in the opening of default within fifteen days of the day of default as a matter of right. Although OCGA § 16-13-49 evidences the legislative intent that there be prompt disposition of property subject to forfeiture, *State of Georgia v. Jackson*, 197 Ga. App. 619 (1) (399 SE2d 88) (1990), we must also construe the forfeiture provisions and the CPA's relief from judgment rules consistent with one of the express purposes of OCGA § 16-13-49, i.e., the protection of the property interests of innocent owners. *Rojas*, supra at 124.

Accordingly, we hereby reverse the Court of Appeals' holding that OCGA § 9-11-55 does not apply to the forfeiture action brought pursuant to OCGA § 16-13-49 and overrule *State of Georgia v. Britt Caribe, Ltd.*, supra, and all other cases contrary to this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*J. Alfred Johnson,* for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Irvan A. Pearlberg, Assistant District Attorneys,* for appellee.