## A01A2241. MOORE v. STATE OF GEORGIA.
### (554 SE2d 574)

ELLINGTON, Judge.

Keith Barry Moore appeals from a default judgment in a forfeiture action under OCGA § 16-16-2. The forfeiture petition was filed in the Douglas County Superior Court on April 5, 2001, and Moore was personally served the next day. Moore's answer was file stamped by the trial court on Monday, May 7, 2001, 31 days after service. The State requested a default judgment, which the trial court granted. See OCGA § 9-11-55 (a). Because the trial court erred in determining the answer was untimely filed, we reverse the default judgment.

1. Under OCGA § 1-3-1 (d) (3), "when a period of time measured in days . . . is prescribed for the exercise of any privilege or the discharge of any duty, . . . if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty." See also *Jewell v. State*, 200 Ga. App. 203, 204 (2) (407 SE2d 763) (1991). OCGA § 9-11-6 (a) provides that, "[i]n computing any period of time prescribed or allowed by this chapter, by the rules of any court, by order of court, or by an applicable statute, the computation rules prescribed in paragraph (3) of subsection (d) of Code Section 1-3-1 shall be used."

In this case, Moore's answer was due on Sunday, May 6, 2001, 30 days after service. OCGA § 9-11-12 (a). Pursuant to OCGA § 1-3-1 (d) (3), however, Moore had through Monday, May 7, 2001, to file his answer. Since Moore's answer was, in fact, timely filed on May 7, 2001, the trial court erred in entering a default judgment. This case is remanded for further proceedings consistent with this opinion.

2. The State argues, however, that the trial court properly granted default judgment because Moore's answer was legally insufficient, contending that he failed to comply with the special pleading requirements of OCGA § 16-16-2 (d). The State did not raise these contentions in the trial court, and therefore, they are not properly before this Court on appeal. See *State of Ga. v. Carter*, 244 Ga. App. 560, 561 (536 SE2d 230) (2000). Upon remand, however, if the State files a motion to strike Moore's answer as insufficient, Moore retains the opportunity to file an amended answer that fully complies with the verification and pleading requirements of OCGA § 16-16-2 (d). See OCGA § 9-11-15 (a); *Rojas v. State of Ga.*, 269 Ga. 121, 122-123 (2) (498 SE2d 735) (1998) (allowing amendments to answers in OCGA § 16-13-49 forfeiture actions); cf. *Jones v. State of Ga.*, 241 Ga. App. 768, 769 (2) (527 SE2d 611) (2000) (trial court properly dismissed complaint that failed to comply with statutory pleading requirements under OCGA § 16-13-49).

3. Further, the State contends that it is entitled to a default

judgment because Moore has no standing to contest the forfeiture. In his answer, Moore stated that he transferred title on the truck to his sister for "future monies." On appeal, the State argues that Moore failed to prove that he legitimately transferred his interest in the truck to his sister, while simultaneously contending that if Moore, in fact, sold the truck to his sister, he lacks an ownership interest in it which strips him of standing to contest the forfeiture. Again, the State did not raise these arguments below, but the trial court may address them on remand. We note, however, that if the trial court finds Moore's sister has a legally cognizable interest in the truck, the State must serve her with the forfeiture petition and give her an opportunity to respond in order to protect that interest. OCGA § 16-16-2 (d).

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 31, 2001 —
RECONSIDERATION DENIED SEPTEMBER 14, 2001.

Keith B. Moore, *pro se.*

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.