## A09A1052. CLAYTON COUNTY BOARD OF TAX ASSESSORS
## v. CITY OF ATLANTA.
(682 SE2d 328)

MIKELL, Judge.

In *City of Atlanta v. Clayton County Bd. of Tax Assessors*,[1] this Court held that a 30-acre parcel of property owned by the City in Clayton County was exempt from the County's ad valorem tax pursuant to OCGA § 48-5-41 (a) (1) (B) (i) because the parcel was necessary to improve the functionality of Hartsfield-Jackson International Airport.[2] Accordingly, we reversed the trial court's grant of summary judgment to the County and remanded for the entry of summary judgment in favor of the City.[3] After the remittitur was filed, the City moved for an award of attorney fees and litigation costs pursuant to OCGA § 48-5-311 (g) (4) (B) (ii). Following an evidentiary hearing,[4] the trial court granted the City's motion and awarded it $42,154.80 in attorney fees and $841 in expenses. The County appeals, arguing that the court erred as a matter of law because the above-cited Code section limits recovery of attorney fees to cases involving valuation of property, and the instant case concerns exemption from taxation. We agree and reverse the award.

OCGA § 48-5-311 (g) governs the method by which a taxpayer or county board of tax assessors may appeal a decision of the county board of equalization to the superior court of the county in which the land lies.[5] Subsection (4) (B) (ii) provides, in pertinent part:

> If the final determination of value on appeal is 80 percent or less of the valuation set by the county board of equalization as to commercial property, . . . the taxpayer, in addition to the interest provided for by this paragraph, shall recover costs of litigation and reasonable attorney's fees incurred in the action. This division shall not apply when the property owner has failed to return for taxation the property that is under appeal.

In the case at bar, the trial court ruled that, because the property

---

[1] 284 Ga. App. 871 (645 SE2d 42) (2007).

[2] Id. at 873-876 (1).

[3] Id. at 877 (1).

[4] A transcript of the hearing has not been included in the record on appeal.

[5] See OCGA § 48-5-311 (g) (1).

owned by the City was exempt from taxation, the "final determination of value on appeal" was 80 percent or less of the valuation set by the County, so that the City was entitled to recover attorney fees and litigation costs under this Code section.

The interpretation of a statute is a question of law.[6] As such, we do not defer to the trial court's ruling, and we apply the "plain legal error" standard of review.[7] In this instance, the trial court plainly erred in its interpretation of OCGA § 48-5-311 (g) (4) (B) (ii). "In construing a legislative act, a court must first look to the literal meaning of the act. If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it according to its terms and conducts no further inquiry."[8] Applying this principle, we conclude that the statute, by its plain language, applies only where there has been a "final determination of value on appeal." In the case at bar, there was no "final determination of value on appeal." When the City appealed the County's decision to the superior court, the City set forth as grounds for appeal that the County "failed to correctly determine the *taxability* of the Property."[9] The City asserted that the County failed to find that the property was exempt from ad valorem tax. The superior court's order on summary judgment concerned only the issue of taxability/exemption, as did this Court's decision on appeal from that order. Valuation was not an issue. Therefore, the City did not satisfy the condition precedent to an award of fees under OCGA § 48-5-311 (g) (4) (B) (ii).

The City argues that "value on appeal" means "taxable value," and that this Court's determination that the property in question was exempt from taxation is tantamount to a ruling that the taxable value was zero. Thus, the City claims, the value of the property was determined for the purpose of the statute. This construction is strained.[10] "[S]tatutory construction must square with common sense and sound reasoning."[11] Taxability and valuation are separate issues.[12] Had the General Assembly intended for taxpayers to be

---

[6] *Joe Ray Bonding Co. v. State of Ga.*, 284 Ga. App. 687, 688 (644 SE2d 501) (2007).

[7] (Citation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

[8] (Citations and punctuation omitted.) *Apollo Travel Svcs. v. Gwinnett County Bd. of Tax Assessors*, 230 Ga. App. 790, 791-792 (3) (498 SE2d 297) (1998).

[9] (Emphasis supplied.)

[10] The City argues that unless the statute is construed in this manner, it would not be entitled to a refund with interest under OCGA § 48-5-311 (m). We are not persuaded, as OCGA § 48-5-29 (d) provides for a refund with interest.

[11] (Citation and punctuation omitted.) *Apollo Travel Svcs.*, supra at 792 (3).

[12] See *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 210 (367 SE2d 43) (1988) ("OCGA § 48-5-311 provides a statutory appeal system which authorizes any taxpayer to appeal from an assessment by the county board of tax assessors as to matters of taxability, uniformity of assessment, and value") (citation and punctuation omitted).

awarded attorney fees under this Code section based on a favorable outcome on a taxability/exemption issue, it could have done so. Instead, the legislature expressly included only cases in which there has been a "final determination of value on appeal." In statutory construction, "the express mention of one thing implies the exclusion of another."[13] Therefore, we conclude that OCGA § 48-5-311 (g) (4) (B) (ii) does not permit an award of attorney fees or litigation costs where, as here, the sole issue is taxability. It follows that the trial court erred in granting the City's motion for fees and costs under that Code section.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

## DECIDED JULY 16, 2009.

*Freeman, Mathis & Gary, Brian R. Dempsey, Paul I. Hotchkiss, Jack R. Hancock,* for appellant.

*Smith, Gambrell & Russell, Edward H. Wasmuth, Jr.,* for appellee.

---

[13] (Citations omitted.) *Morton v. Bell*, 264 Ga. 832, 833 (452 SE2d 103) (1995).
[1] 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992).