**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 31, 2012**

# In the Court of Appeals of Georgia

A12A1403. MATHIS et al. v. RIVER CITY BANK.

MILLER, Judge.

Christopher W. Mathis and Paula K. Mathis (the "Mathises") filed an untimely answer and counterclaim to a foreclosure on personalty action pursued by River City Bank (the "Bank"). The Bank moved to dismiss the Mathises' answer and counterclaim, arguing that it was untimely filed under OCGA § 44-14-267. The trial court granted the Bank's motion to dismiss. The Mathises appeal from that order, contending that the trial court erred in not applying OCGA § 9-11-55 (a), which permits the opening of a default as a matter of right, in this case. For the reasons that follow, we affirm.

This appeal presents a question of law concerning the applicability of OCGA § 9-11-55 (a) to the filing of defenses to an immediate writ of possession as provided

by OCGA § 44-14-267. As such, we owe no deference to the trial court's ruling and apply the plain legal error standard of review. See *Deere Park & Assoc. v. C H Furniture Source, LLC*, 296 Ga. App. 382 (674 SE2d 635) (2009).

The record shows that in return for a $425,000 loan, the Mathises gave the Bank a security interest in their farm equipment and cattle. When the Mathises defaulted on their loan, the Bank filed a petition of immediate writ of possession. The trial court granted the Bank's petition and issued an immediate writ of possession. The Mathises were served with the immediate writ of possession on March 31, 2011. They filed their answer and counterclaim on May 13, 2011, which was more than 30 days after service was effectuated. The Bank subsequently moved to dismiss the Mathises' answer and counterclaim on the grounds that it was untimely filed. The trial court granted the Bank's motion to dismiss, from which the Mathises appeal.

The Mathises contend that the trial court erred in not applying the provisions of the Civil Practice Act ("CPA"), namely OCGA § 9-11-55 (a), to the special statutory proceeding of immediate writs of possession. The Mathises assert that although their answer was untimely filed, they were entitled to have a default opened

2

as a matter of right since their answer was filed within the 15-day grace period provided for in OCGA § 9-11-55 (a).[1] We disagree.

"Generally, the provisions of the Civil Practice Act (CPA) apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict therewith are expressly prescribed by law. OCGA § 9-11-81." (Punctuation omitted.) *Anderson v. Flake*, 270 Ga. 141, 141-142 (1) (508 SE2d 650) (1998). To determine whether OCGA § 9-11-55 (a) applies to immediate writs of possession, we must first look to the literal meaning of the statutes governing such writs. See *Clayton County Bd. of Tax Assessors v. City of Atlanta*, 299 Ga. App. 233, 234 (682 SE2d 328) (2009). "If the language is plain and does not lead to any absurd or impractical consequences, the [C]ourt simply construes it according to its terms and conducts no further inquiry." (Footnote omitted.) Id.

---

[1] OCGA § 9-11-55 (a) states in pertinent part:

If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers[.]

Applying these principles, we examine the relevant statutes governing immediate writs of possession. OCGA § 44-14-267 pertinently provides that

> *no later than 30 days* after service has been provided for under Code Section 44-14-265, the defendant may appear and file any legal or equitable defense or counterclaim to the petitioner's claim for writ of immediate possession.

(Punctuation omitted; emphasis supplied.)

> Upon the failure of the defendant to appear and answer within the time provided by Code Section 44-14-267, . . . a default judgment *shall be* entered against the defendant for the full amount of the petitioner's claim.

(Emphasis supplied.) OCGA § 44-14-269. There is nothing that suggests that the legislature intended to use the word "shall" in OCGA § 44-14-269 to denote a permissive rather than a mandatory meaning. See *Ring v. Williams*, 192 Ga. App. 329, 330 (2) (384 SE2d 914) (1989) (noting that the term "'[s]hall' ordinarily denotes command and not permission") (citation and punctuation omitted); *State v. Brantley*, 147 Ga. App. 569, 570 (249 SE2d 365) (1978) ("The word 'shall' is in its ordinary signification a word of command.") (citation omitted).

Relying on *Ford v. State*, 271 Ga. 162 (516 SE2d 778) (1999), the Mathises argue that they were entitled to a open a default as a matter of right under OCGA § 9-11-55 (a). They assert that nothing in the statutory language concerning

4

foreclosures on personalty precludes parties from seeking relief from default judgments. In *Ford*, the Supreme Court of Georgia considered whether OCGA § 9-11-55 (a) applied to the special statutory proceeding of forfeiture actions under OCGA § 16-13-49 (o) (4), which requires the trial court to order the disposition of seized property if no answer has been filed within the statutory 30-day time period. Id. at 162. The Supreme Court held that because OCGA § 16-13-49 (o) (4) was silent concerning relief from judgments entered after default, the statutory language did not expressly describe a procedure that was contrary to the default provisions of OCGA § 9-11-55, and therefore the defendants were entitled to open their default under OCGA § 9-11-55. Id. at 163.

Unlike the forfeiture actions at issue in *Ford*, however, the provisions concerning foreclosures on personalty do expressly conflict with the provisions of OCGA § 9-11-55 (a). Notably, the applicable statutes governing foreclosures on personalty provide a specific procedure for opening defaults. In this regard, OCGA § 44-14-233 (a) provides that a defendant who fails to timely answer a writ of possession "may reopen the default as a matter of right by making an answer within seven days after the date of the default notwithstanding the provisions of Code Section 9-11-55." (Punctuation omitted.) OCGA § 44-14-233 (a). Consequently, the

5

plain language of OCGA § 44-14-233 (a) expressly states that OCGA § 9-11-55 does not apply to foreclosures on personalty. Since the Mathises failed to open default as a matter of right within seven days under OCGA § 44-14-233 (a), the case remained in default. Accordingly, the trial court's decision granting the motion to dismiss was proper.

*Judgment affirmed. Mikell, P. J., and Ray, J., concur.*