**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 25, 2015**

# In the Court of Appeals of Georgia

A15A1215. MORGAN v. U. S. BANK TRUST N.A.

McFADDEN, Judge.

Jacquelyn Ann Morgan appeals the default judgment entered in favor of U. S. Bank Trust N.A., as Trustee for Vericrest Opportunity Loan Trust 2012-NPL1 Asset Holdings Trust in this action to reform a security deed. Morgan argues that the trial court erred in entering the default judgment because her answer to the complaint was timely filed. We agree and therefore reverse.

U. S. Bank Trust filed a complaint seeking, among other things, to add to Morgan's security deed a provision allowing it to pursue non-judicial foreclosure. Morgan was personally served with the complaint on January 13, 2014, and filed a pro se answer on February 14, 2014. U. S. Bank Trust filed a motion for default judgment to which Morgan did not respond. The trial court found that Morgan was

in default and entered a default judgment in favor of U. S. Bank Trust reforming Morgan's security deed. Morgan filed this appeal.

Morgan argues that the trial court erred by entering a default judgment because her answer was timely filed. She argues that although her answer would have been due on February 12, 2014, the 30th day after service, see OCGA § 9-11-12 (a), the superior court was closed that day and the next due to inclement weather. Consequently, she argues, her answer, filed the first day the court was open after the due date, was timely.

In accordance with OCGA § 24-2-201 (b) (2), (c) and (f), we take judicial notice of the fact that the Clerk of the Superior Court of DeKalb County was closed on February 12, 2014, and February 13, 2014, due to inclement weather. *Triguero v. ABN AMRO Bank*, 273 Ga. App. 92, 96 (1) (614 SE2d 209) (2005) (in which we took judicial notice of the deaths of the trial judge and his court reporter); *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."). See also *Eisenberg v. Forkin*, No. 91-1179, 1991 U.S. App. LEXIS 21186 at *4 (1st Cir. Sept. 3, 1991) (appellate court taking judicial notice that trial court was closed the day a filing was due) ; *Garcia v. Vera*, No. 01-05-01161-OCGA §, 2006 Tex. App. LEXIS 8701, at *6-*8

2

(Tex. Ct. App., 1st Div., Oct. 5, 2006) (applying Texas Rule of Evidence 201 (b), which is substantially similar to OCGA § 24-2-201 (b), appellate court took judicial notice that trial court was closed because of hurricane evacuation on day filing was due). Because the office of the Clerk of the Superior Court of DeKalb County was closed due to inclement weather on the 30th and 31st days after service of the complaint, Morgan's answer, filed on the 32nd day, was timely. *Slaughter v. State*, 289 Ga. 790 n. 1 (716 SE2d 180) (2011) ("notice of appeal was timely filed on January 14, 2011, inasmuch as the office of the Clerk of the Superior Court of DeKalb County was closed on January 13, 2011, due to inclement weather"). Accordingly, the trial court erred in entering a default judgment. *Moore v. State*, 251 Ga. App. 565 (1) (554 SE2d 574) (2001).

U. S. Bank Trust does not dispute that the trial court was closed on February 12 and 13 due to inclement weather. It nonetheless argues that we must affirm because Morgan did not raise her argument in the trial court. But because her answer was timely filed, she was not in default. She thus was not required to move to open default, and she properly proceeded by filing a notice of appeal. *Brock Built City Neighborhoods v. Century Fire Protection.*, 295 Ga. App. 205, 206-209 (1) & 206 (1) n.1 (671 SE2d 240) (2008) (holding that "the entry of default judgment constitutes

3

a final judgment and is directly appealable pursuant to OCGA § 5-6-34 (a) (1) without the filing of a motion to set aside the default" and addressing defendant's argument that default judgment was void because defendant had not been properly served).

*Judgment reversed. Ellington, P. J., and Dillard, J., concur.*