**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 13, 2018**

# In the Court of Appeals of Georgia

A18A0212. PRINCE v. RAWLS.                                        DO-007

DOYLE, Presiding Judge.

Vernon Prince appeals from a superior court order deeming valid a mechanic's lien on a 2002 BMW 745 and authorizing foreclosure by Gordon Rawls, Sr., d/b/a Rawls Paint and Body Shop ("Rawls").[1] Prince contends that the superior court erred by issuing the ruling without honoring his request for a full hearing on the validity of the debt pursuant to OCGA § 40-3-54 (b) (4). Because the superior court erred by ruling that Prince's request was untimely, we reverse.

The relevant, undisputed portion of the record shows that Amy Prince's BMW was involved in a car crash and brought to Rawls's shop for repairs. Rawls

---

[1] The original parties to this in rem action were Rawls and the vehicle. In the initial affidavit of foreclosure, Rawls named Amy Prince as the owner of the vehicle and Vernon as agent for Amy; Rawls has not challenged Vernon's role in this appeal.

communicated with the insurance adjuster to arrive at a repair estimate and performed repairs in accordance with the adjuster's estimate. The insurance company sent Amy two checks totaling $4,762.22 for the amount of the estimate, and Amy cashed the checks but did not pay Rawls. When Amy refused the shop's written demand for payment for making the repairs, arguing that she never authorized the repairs, Rawls retained possession of the vehicle, asserted a mechanic's lien, and filed an affidavit for a petition for foreclosure.[2]

The clerk of the superior court sent a notice of the affidavit to Vernon and Amy, and Amy, as the owner, filed a timely request for a probable cause hearing. The superior court then notified the parties of a probable cause hearing, at which Vernon and Rawls appeared and provided testimony.[3] The same day of the hearing, on March 29, 2017, the superior court entered an order finding probable cause to believe that a valid debt existed and allowing Rawls to retain possession of the vehicle. The order notified Vernon at the probable cause hearing of his right to petition for a full hearing within five days.

---

[2] See generally OCGA § 40-3-54.

[3] Amy did not attend the hearing.

2

On April 6, 2017, the Princes filed a petition for a full hearing on the validity of the debt pursuant to OCGA § 40-3-54 (c) (4). On April 13, 2017, the superior court entered an order adjudicating the lien conclusively valid and allowing foreclosure on the ground that the Princes' petition for a full hearing was untimely. The Princes unsuccessfully moved for reconsideration, and this appeal followed.

Prince argues that the superior court erred by finding the petition untimely because the clerk's office had closed early on the day the petition was due, preventing him from filing it on time. We agree.

Under OCGA § 40-3-54 (c) (4), a person seeking a full hearing on the validity of a debt subject to a mechanic's lien must file a petition "within five days of the probable cause hearing," which was held in this case on Wednesday, March 29, 2017. Under OCGA § 1-3-1 (d) (3), when a prescribed time period for a filing "is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Therefore, the petition for a full hearing was due on Wednesday, April 5, 2017, but the petition was not filed until the next day, Thursday, April 6.

It is undisputed that the superior court clerk's office closed at 2:00 p.m. due to inclement weather on the day the Princes' petition was due. Under OCGA § 38-3-61 (a), certain judicial officials such as a chief judge are "authorized to declare by order

3

the existence of a judicial emergency," which order shall state any "information relevant to the suspension or restoration of court operations." If "the circumstances underlying the judicial emergency make access to the office of a clerk of court or a courthouse impossible or impractical, the order declaring the judicial emergency shall designate another facility, which is reasonably accessible and appropriate, for the conduct of court business."[4] Further, under OCGA § 38-3-62, the judicial emergency order may provide for the suspension or tolling of filing deadlines to account for the restricted access to the court during regular business hours.

It appears that no such order was issued in this case, nor was there any provision for tolling of filing deadlines authorized by OCGA § 38-3-62. The clerk's office was simply unavailable, without advance notice, for access by the public after 2:00 p.m. on the day Prince's petition for a full hearing was due. The closure notice posted on the outside of the building stated, "[d]ue to inclement weather[,] the clerk's office will be closing today at 2:00 p.m.[;] we will resume normal business on Thursday, April 6, 2017," and did not designate any alternative facility or location

---

[4] OCGA § 38-3-61 (c).

4

where paper filings would be accepted.[5] Under these circumstances, and in light of the fact that Prince filed his petition at the next available opportunity, i.e., the next day, the superior court erred by ruling that the petition was untimely.[6]

The availability of electronic filing in that circuit does not remedy the error because electronic filing is a convenience to the public intended to increase access to the courts, not decrease it during normal business hours.[7] It is true that a more cautious counsel might have filed the petition electronically on the day it was due, and had the courthouse notice directed counsel to avail himself of the electronic filing system, we might view this case differently. But absent some notice or pre-existing

---

[5] Compare *State v. Jones*, 125 Ga. App. 361, 362-365 (187 SE2d 902) (1972) (affirming a finding that a complaint was untimely despite the closure of the clerk's office because the clerk had made staff available by phone to accept filings by request).

[6] See *Morgan v. U. S. Bank Trust N.A.*, 334 Ga. App. 5, 6 (778 SE2d 21) (2015) ("Because the office of the Clerk of the Superior Court of DeKalb County was closed due to inclement weather on the 30th and 31st days after service of the complaint, Morgan's answer, filed on the 32nd day, was timely."), citing *Slaughter v. State*, 289 Ga. 790, 790 n.1 (716 SE2d 180) (2011) (noting that a court closure for inclement weather tolled the deadline for filing a notice of appeal).

[7] See generally OCGA § 50-29-12 (a) ("The General Assembly desires to promote economic development and efficient delivery of government services by encouraging state governmental agencies and private sector entities to conduct their business and transactions using electronic media.").

5

order, a party should not be penalized for his reliance on the stated business hours of a court when access is prevented through no fault of the party and the party ensures that the document is filed at the next available opportunity. Simply put, Prince's counsel timely sought to conduct business at the courthouse during normal business hours, but the court's closure would not allow it. Accordingly, we reverse the order denying Prince's petition for a full hearing.

*Judgment reversed. Dillard, C. J., and Mercier, J., concur.*