**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 21, 2023**

# In the Court of Appeals of Georgia

A22A1455. SMITH et al. v. STATE OF GEORGIA.

RICKMAN, Chief Judge.

In this interlocutory appeal, Garrett Smith, Stacey Smith, SmithCo Recycling, LLC, and SmithCo Transfer, LLC, ("Appellants") appeal from the trial court's order denying in part their motion to dismiss the State's amended complaint for forfeiture, their motion to strike the State's second amended complaint, their motion to dismiss the State's second amended complaint, and their motion for release of property. On appeal, Appellants contend that the trial court erred in holding that (1) the State was entitled to make substantive amendments to its complaint for forfeiture; and (2) the State satisfied the applicable pleading requirements. Appellants also argue that the trial court should have dismissed the case because the trial was not timely held or continued. For the following reasons, we affirm.

Because this appeal presents questions of law, our review is de novo. *Rounsaville v. State of Ga.*, 345 Ga. App. 899, 899 (815 SE2d 212) (2018).

The record shows that in December 2021, the State filed an in rem civil asset forfeiture complaint against over $1 million in various accounts, several vehicles, and other property. The complaint alleged that the properties were contraband and subject to forfeiture under the Secondary Metals Recyclers Act. Garrett Smith, Stacey Smith, and SmithCo Recycling, LLC, who were named in the complaint as potential claimants, filed an answer identifying SmithCo Transfer, LLC, as a potential claimant. SmithCo Transfer, LLC, then filed an answer to the forfeiture complaint.

In February 2022, the State filed an amended complaint. Appellants filed a motion to dismiss the amended complaint or, in the alternative, motion for judgment on the pleadings, arguing, among other things, that the State was prohibited from amending the complaint and that both the original and amended complaint failed to allege the essential elements of any criminal violation.

Following a hearing, the State filed a second amended complaint. Appellants filed a motion to strike the second amended complaint, a motion to dismiss the second amended complaint, and a motion for release of the property.

In March 2022, the trial court granted, in part, Appellants' motions as to property located in Florida, but otherwise denied their motions to dismiss, their motion to strike, and their motion for release of the property. After Appellants obtained a certificate of immediate review, they filed an application for interlocutory appeal, which was granted. This appeal followed.

1. Appellants first contend that the trial court erred in holding that the State was entitled to make substantive amendments to its complaint for forfeiture. We disagree.

Under the Civil Practice Act ("CPA"), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). Pursuant to OCGA § 9-11-81, the amendment provisions of the CPA "apply to forfeiture proceedings unless the specific, expressly prescribed rules of the forfeiture statute conflict with the amendment provisions of the CPA." (Punctuation omitted.) *Rojas v. State of Ga.*, 269 Ga. 121, 122 (2) (498 SE2d 735) (1998); see OCGA § 9-11-81 (providing that the CPA "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law").

Appellants maintain that the amendment provision of OCGA § 9-11-15 (a) directly conflicts with the prescribed procedures of the Uniform Civil Forfeiture

Procedure Act ("UCFPA"). And they argue that the liberal amendment procedures of the CPA conflict with the purpose of the forfeiture act, which is to ensure speedy resolution of forfeiture cases. But the UCFPA is silent as to whether a complaint may be amended. See OCGA § 9-16-12. Moreover, the Supreme Court of Georgia has previously held that *a claimant* is not prohibited from filing an *amended answer* to a forfeiture complaint. See *Rojas*, 269 Ga. at 123 (2) (holding that where former forfeiture statute, OCGA § 16-13-49, was silent regarding amendments, it could not be construed to prohibit claimant from filing an amended answer that related back to the timely filed first answer). Similarly, because the UCFPA is silent as to whether a complaint may be amended, the UCFPA cannot be reasonably construed to conflict with the amendment provisions of OCGA § 9-11-15 (a). See *Rojas*, 269 Ga. at 123 (2). Consequently, the trial court did not err in holding that the State was authorized to amend its forfeiture complaint.

2. Appellants also argue that the trial court erred in holding that the State satisfied the applicable pleading requirements. We disagree.

In actions in rem, the complaint must "allege the essential elements of the criminal violation which is claimed to exist[.]" OCGA § 9-16-12 (a). Appellants contend that the State has failed to meet this standard.

4

Under OCGA § 10-1-359.3 (b), which is part of the Secondary Metals Recyclers Act, "[a]ny property which is, directly or indirectly, used or intended for use in any manner to facilitate a crime and any proceeds derived or realized therefrom" are declared to be contraband and subject to forfeiture. For purposes of OCGA § 10-1-359.3, "crime" is defined to include theft by taking in violation of OCGA § 16-8-2 if the subject of the theft was regulated metal property. OCGA § 10-1-359.3 (a).

The State's second amended complaint[1] alleges violations of a number of statutes, including numerous violations of OCGA § 16-8-2. OCGA § 16-8-2 provides that "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." The essential elements of OCGA § 16-8-2 are "(1) an unlawful taking of the property of another (2) with the intent of depriving him of it." *Green v. State*, 223 Ga. App. 467, 468 (1) (477 SE2d 895) (1996). The

---

[1] As discussed in Division 1, the State was permitted to amend its complaint. Because the second amended complaint did not adopt the original complaint or the amended complaint, it superseded and replaced those pleadings. See *Quattrocchi v. State of Ga.*, 357 Ga. App. 224, 225 (1) n.1 (850 SE2d 432) (2020).

intention to deprive the owner of his property may be inferred from the circumstances, by acts and conduct, or when it is a natural and probable consequence of the act. *Smith v. State*, 255 Ga. App. 580, 584 (3) (565 SE2d 904) (2002).

In the second amended complaint, the State alleged, inter alia, that SmithCo Recycling and Garrett Smith enlisted Cal Cowart to steal catalytic converters, that Cowart stole 23 catalytic converters and sold them to SmithCo Recycling, and that SmithCo Recycling knew or should have known that the catalytic converters were stolen. The State also alleged that an employee of SmithCo Recycling stole between 10 and 15 roll-off containers and sold them to SmithCo Recycling, and that SmithCo Recycling knew or should have known that the containers were stolen. Although the second amended complaint does not explicitly allege that the catalytic converters or the roll-off containers were taken with the intent to deprive the rightful owners of the property, the requisite intent can be inferred from the allegations of the complaint. Consequently, the second amended complaint alleges the essential elements of OCGA § 16-8-2 for purposes of OCGA § 9-16-12 (a). See *Smith*, 255 Ga. App. at 584 (3).

Appellants also argue that the State failed to allege a sufficient connection between the property to be forfeited and the alleged criminal activity. However, the second amended complaint alleges that bank accounts seized "were directly or

indirectly used or intended for use to facilitate the purchase of stolen regulated metals acquired in violation of [OCGA § 16-8-2 and other statutes] . . . or are proceeds derived or realized from a violation of" various statutes, including OCGA § 16-8-2, and that currency seized consisted of "payments to SmithCo Recycling by the companies to which it supplied the said regulated metals." The second amended complaint further alleged that the real property and other property seized was "purchased with funds derived from and commingled with monies gained through SmithCo Recycling's illegal activities" including violations of OCGA § 16-8-2. Under OCGA § 10-1-359.3, property which is, directly or indirectly, used or intended for use to facilitate a crime, including theft by taking (if the subject of the theft was regulated metal property), and "any proceeds derived or realized therefrom" are contraband and subject to forfeiture. We conclude that the second amended complaint alleges a sufficient connection between the property to be forfeited and the alleged criminal activity.

Because the second amended complaint alleges the essential elements of at least one criminal violation which is claimed to exist and sufficiently connects the property to be forfeited to the alleged illegal conduct, the second amended complaint meets the pleading requirements of OCGA § 9-16-12 (a) and the trial court correctly

7

denied Appellants' motion to dismiss the second amended complaint. See *Walker v. Gowan Stores LLC*, 322 Ga. App. 376, 378 (745 SE2d 287) (2013) (trial court correctly denied motion to dismiss addressed to the entire complaint where complaint set forth at least one claim).

3. Appellants maintain that the trial court should have dismissed this case because the trial was not timely held or continued. We disagree.

OCGA § 9-16-12 (b) (1) provides that a copy of a forfeiture complaint and summons "shall be served on any person known to be an owner or interest holder and any person who is in possession of the property." "If an answer is filed, a bench trial shall be held within 60 days after the last claimant was served with the complaint; provided, however, that such trial may be continued by the court for good cause shown." OCGA § 9-16-12 (f).

In this case, the State's original complaint was filed on December 3, 2021. The complaint and summons were served on Garrett Smith, Stacey Smith, and SmithCo Recycling on December 6, 2021, and they filed their answer on December 31, 2021. On January 13, 2022, the State filed a motion to join SmithCo Transfer, LLC, as a necessary party. SmithCo Transfer filed an answer on January 21, 2022, and the trial court granted the motion to join on January 24.

Appellants argue that the 60-day period began to run on December 6, when Garrett Smith, Stacey Smith, and SmithCo Recycling were served, and that the case should have been dismissed because a trial was not held or a continuance obtained on or before February 4, 2022. But the last claimant, SmithCo Transfer, filed its answer on January 21. And SmithCo Transfer, in its answer, did not raise the defense of insufficient service. This Court has previously held, in similar circumstances, that the 60-day period began to run when the last claimant answered. See *McDowell v. State of Ga.*, 290 Ga. App. 538, 540 (2) (660 SE2d 24) (2008) (rejecting the State's argument that the 60-day period mandated by former OCGA § 16-13-49 (o) (5) never began to run when one claimant waived service because "waiver by appearance is in effect a substitute for service, and the time the appearance is made is the equivalent of the time service of process is made in a normal case") (citation and punctuation omitted). Because SmithCo Transfer filed an answer without raising the defense of insufficient service, the time SmithCo Transfer's answer was filed is the equivalent of the time the last claimant was served.

See *id.* Consequently, the 60-day period began to run on January 21. As a result, contrary to Appellants' argument, the trial was not required to be held (or a continuance obtained) on or before February 4, 2022.[2]

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur.*

---

[2] The trial court denied in part Appellants' motions on March 7, 2022, and scheduled a bench trial for March 9-11, 2022. Appellants petitioned the trial court for a certificate of immediate review on March 8, 2022. At the hearing on March 9, Appellants waived any objection to the timeliness of the trial other than the objections or claims that they had already made in their motions to dismiss, and the trial court agreed to grant the certificate of immediate review.