**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 1, 2024**

# In the Court of Appeals of Georgia

A24A0139. THE RADIOLOGY GROUP, LLC v. MARKS.

MCFADDEN, Presiding Judge.

We reverse the default judgment entered against The Radiology Group, LLC because the trial court entered the default judgment while The Radiology Group still had time to answer Michael Marks's complaint.

Marks sued The Radiology Group to collect fees. On May 15, 2023, a sheriff's deputy served the complaint and summons on an administrator of The Radiology Group. Nearly a month later, On June 14, 2023, Marks filed a sheriff's proof of service in which the deputy attested to that service. As detailed below, because the proof of service was filed more than five days after the service was performed, the time to answer ran from the date the proof of service was filed. OCGA § 9-11-4 (h).

But only 15 days after the proof of service was filed, on June 29, 2023, the trial court entered a default judgment, awarding Marks the fees he sought as well as attorney fees. On July 10, 2023, The Radiology Group filed an answer to the complaint. It also filed a timely notice of appeal from the default judgment.

OCGA § 9-11-4 (h) provides, "The person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. *If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed.*" (Emphasis added). Because Marks's proof of service was not filed within five business days of the service date listed on the sheriff's entry of service, the time for The Radiology Group to answer did not begin to run until the proof of service was filed on June 14. So the trial court's June 29 entry of a default judgment was premature and The Radiology Group's July 10 answer was timely filed. *Summers v. Wasdin*, 337 Ga. App. 671, 672 (2) (a) (788 SE2d 573) (2016); *Morgan v. U. S. Bank Trust*, 334 Ga. App. 5, 6-7 (778 SE2d 21) (2015) (because defendant's answer was timely filed, it was not in default, it was not required to move to open default, and it properly proceeded by filing a notice of appeal).

We do not reach The Radiology Group's argument that service on one of its administrators was invalid.

*Judgment reversed. Mercier, C. J., and Rickman, J., concur.*